## THE STATE v. HOPKINS.

1. **Criminal Law**: SENTENCE ON SECOND CONVICTION AFTER APPEAL: CODE, § 4545. The district court is not bound to inflict the same punishment on a second conviction as on the first one, after the first one has been reversed on appeal; and, in the absence of a contrary showing, it will be presumed that, in pronouncing the second sentence, the court took into consideration the imprisonment of the defendant under the first sentence, pending the appeal, as required by § 4545 of the Code.

*Appeal from Story District Court.*

FRIDAY, OCTOBER 23.

THE defendant was indicted, tried, and convicted of grand larceny. From the judgment against him he now appeals to this court.

*J. L. Dana*, for appellant.

*A. J. Baker, Attorney-general*, for the State.

BECK, CH. J.—I. The abstract upon which the cause is presented to us for decision shows that defendant was first convicted upon the indictment in September, 1883, and sentenced to the penitentiary for the term of two years; that

upon an appeal from that judgment it was reversed, but not until after defendant had been imprisoned thereon from about the day of his conviction to the reversal of the judgment in January, 1885, no *supersedeas* of the judgment having been had; and that in February, 1885, he was again tried, and again sentenced to the penitentiary for the term of two years, where he is now in imprisonment under the sentence.

II.   The defendant now insists that the district court erred in failing to deduct the time he had served in prison from the two years of his second sentence.   Upon the second trial and conviction the district court determined the term of imprisonment which justice required.   The law did not require the court to adhere to the term fixed upon the first conviction.   The evidence may have disclosed the fact to be that justice required an imprisonment for a longer term. While it is true that the district court ought to have considered the time defendant had been imprisoned upon the first conviction in determining the term of imprisonment upon the last, (see Code, § 4545,) it is not shown that this was not done; and we will presume that the court, acting rightly, did, in the second sentence, consider the term of defendant's prior imprisonment.   An appellate court is always bound to exercise presumptions in favor of the judgments it reviews, until it is shown that the law and justice have been violated by such judgment.

AFFIRMED.