ED TRAVIS, Appellant, v. WM. A. HUNTER.

**Second Conviction:** DEDUCTION OF IMPRISONMENT. *Presumptions.* Where the judgment does not show whether the court, in sentencing accused on a second conviction upon a new trial, considered the time he had already served under his first sentence, as required by Code, section 5468, the presumption is that it did.

WHO IS TO DEDUCT: *Construction of statute.* Code, section 5468, requires that, on a second conviction of a defendant on a new trial ordered by the supreme court, the period of his former

2   imprisonment shall be deducted from the period of imprisonment "To be fixed on the last verdict of conviction." *Held*, that though the words, "By the district court," of a former statute, were omitted, the deduction was to be made by the court, and not the warden of the penitentiary.

*Appeal from Cedar Rapids Superior Court.*—HON. THOMAS M. GIBERSON, Judge.

FRIDAY, OCTOBER 27, 1899.

HABEAS CORPUS proceedings to secure the release of the plaintiff from the state penitentiary at Anamosa. There was a trial, and a judgment which denied the writ of habeas corpus, and remanded the plaintiff to the custody of the defendant, who is the warden of the penitentiary at Anamosa. The plaintiff appeals.—*Affirmed.*

*John N. Hughes* for appellant.

*Milton Remley,* Attorney General, for State of Iowa.

ROBINSON, C. J.—On the 14th day of February, 1898, the plaintiff was found guilty of larceny, and adjudged to be imprisoned in the state penitentiary at Anamosa for the term of four years. An appeal from that judgment was taken. It was reversed. The plaintiff was again tried, and found guilty, and adjudged to be imprisoned in the same penitentiary for the period of nine months. He was imprisoned under the first judgment from the 14th day of February, 1898, to the 16th day of December of the same year. He contends that the period of his first imprisonment should have been, but was not, deducted from the term fixed by the second judgment; that he is now entitled to have the deduction made, and to be released from further imprisonment. Section 5468 of the Code is as follows: "If a defendant imprisoned during the pendency of an appeal, upon a new trial ordered by the supreme court is again convicted, the period of his former imprisonment shall be

deducted from the period of imprisonment to be fixed on the last verdict of conviction." The judgment rendered on the second conviction was as follows: "Now, to wit, February 18, 1899, this cause comes on for judgment and sentence of the court, and the defendant, being in court, is informed of the nature of the indictment against him in this case, and the nature of his plea thereto, and of his conviction of the crime charged in said indictment, and is asked if he has anything to say in reason why sentence and judgment should not be pronounced against him. It is therefore the order and judgment and sentence of the court that the defendant, Ed Travis, be confined in the penitentiary at Anamosa, Jones county, state of Iowa, for the period of nine months, at hard labor, and pay costs of prosecution, taxed at —— dollars." The records of the court do not show affirmatively that any deduction was made on account of the term of imprisonment which Travis had already served, and the plaintiff contends that the conclusion to be drawn from the record is that a deduction was not made, and that parol evidence to show that it was would be in conflict with the record, and therefore incompetent.

The statute required the deduction to be made, but did not prescribe what record, if any, should be made of it. In the case of *State v. Hopkins,* 67 Iowa, 285, it appeared that the defendant had been twice convicted of larceny; the judgment rendered on the first conviction having been reversed on appeal after he had served more than fifteen months in the penitentiary. The term of his imprisonment was fixed by each judgment at two years, and he insisted, on the second appeal, that the district court erred in not deducting the term he had served under the first judgment from the time fixed in the second judgment. But this court held that the district court was not required to fix the same term of imprisonment in the second that it did in the first judgment, and that it would be presumed,

in the absence of a showing to the contrary, that the deduction was made. It is suggested that all of the record in that case was not before the court, and that its conclusion was based on that fact, but there is no intimation in the opinion that such was the case. It was based on the rule that, as it was the duty of the district court to make the deduction, it would be presumed to have discharged that duty, until it should be shown affirmatively that it had not done so. It is said, however, that the case was based upon section 4545 of the Code of 1873, which contained the words "shall be deducted by the district court," and that, as the words "by the district court are omitted from section 5468 of the Code, it is the purpose of the statute to have the deduction made by the warden of the penitentiary, if not made by the court. We do not think this is a permissible theory. The deduction is to be made from the period of imprisonment "to be fixed" on the last verdict of conviction, and it must necessarily be made by the court. The period specified in the judgment is to be what remains after the deduction is made from that which the court finds to be the proper term of imprisonment. The legal effect of section 5468 of the Code is the same as section 4545 of the Code of 1873. It follows that the case of State v. Hopkins, supra, is in point. The plaintiff did not offer any evidence to show that the required deduction had not been made. The state submitted the testimony of the trial judge to the effect that the term of the first imprisonment was considered when the second judgment was rendered, and of that the plaintiff complains. We need not determine whether such evidence was competent; for, if it was not, it could not have been prejudicial. Following the case of State v. Hopkins, the judgment of the superior court is AFFIRMED.