394 P.2d 249 (1964)
Petition of Frank KNIGHT.
No. 10825.
Supreme Court of Montana.
July 17, 1964.
*250 Frank Knight, pro se.
PER CURIAM.
Petitioner has addressed a letter to this court stating that he was convicted in Silver Bow County for armed robbery on April 19, 1963, and was sentenced to twelve and one-half years in the State Prison. Subsequently, this court reversed that conviction because the information had been substantially amended at the time of trial, and the cause was remanded for new trial. State v. Knight, 143 Mont. 27, 387 P.2d 22. The new trial resulted in a hung jury, but on the third trial, petitioner was found guilty. On April 3, 1964, the trial judge sentenced petitioner to ten years in the State Prison, and the petitioner was delivered to the custody of the warden.
The relief sought by petitioner involves the approximately eight months served in the prison from the time of the first sentencing on April 19, 1963, to the time the new trial was granted on December 2, 1963. It is his contention that the current sentence of ten years should be reduced by the approximately eight months he served prior to the granting of the new trial. We see no merit in this contention. Montana does not have a statute which requires that credit for time served under a former conviction be allowed if the defendant is subsequently found guilty and sentenced to serve in the prison.
In State ex rel. Nelson v. Ellsworth, 141 Mont. 78, 375 P.2d 316, this court reviewed the fact that there is no statute requiring that credit served on the reversed sentence be given. In addition, after surveying all relevant statutes we concluded that there was no authority for the warden to so allow the credit if it does not appear that the judge did. We held in that case that Nelson, whose judgment of conviction was reversed but who was again convicted and sentenced upon second trial, was not entitled to credit against the second sentence for time served under the first sentence. The remedies available to the petitioner in that case were noted to be commutation of sentence or pardon.
It is noted here that the previous sentence was twelve and one-half years and the current sentence is ten years; a difference of two and one-half years. Between the date of the first sentencing and the date of the final and current sentencing (April 19, 1963, to April 3, 1964) is slightly less than one year. On the basis of these facts we can only say that the sentencing judge took into consideration the time served both in prison and in the county jail. Such allowances are frequently given.
In those states in which the legislature has required the credit to be given it is often presumed that such credit was given by the sentencing judge even if it does not appear with the certainty evident in this case. Iowa has such a statute: Iowa Code Ann. § 793.26 (1950) (formerly § 4933, Revision of 1860). In State v. Hopkins, 67 Iowa 285, 25 N.W. 244, the Iowa court stated:
"While it is true that the district court ought to have considered the time defendant had been imprisoned upon the first conviction in determining the term of imprisonment upon the last * * * it is not shown that this was not done; and we will presume that the court, acting rightly, did, in the second sentence, consider the term of defendant's prior imprisonment. An appellate court is always bound to exercise presumptions in favor of the judgments it reviews until it is shown that the law and justice have been violated by such judgment."
In other words, that jurisdiction has held that even though the statute requires the sentencing judge to consider the previous *251 time served there is no need to prove that this has been done for there is a presumption that the judge took the time served into consideration. If such is the law where the credit must be given, we are certainly free to indulge in the same presumption in Montana where the credit is given only at the discretion of the trial judge.
The second sentence is two and one-half years shorter than the first, therefore, we think it clear that the sentencing judge took the previous time served into consideration. Even if he had not done so, on the basis of the Nelson case, supra, we would not be able to direct that the credit should be given. Perhaps legislation requiring the credit to be allowed and figured into the second sentence ought to exist in Montana, but there is none at the present time. We find no merit in the contentions made and the petition is, therefore, denied.