State vs. Anderson.

---

### STATE vs. ANDERSON.

| | |
|---|---|
| 30 | 131 |
| 62 | 460 |
| 30 | 131 |
| 64 | 235 |

1. CRIMINAL LAW : *Proof as affected by allegations of the indictment.*
   If an indictment for playing at cards on Sunday state the name of the game alleged to have been played, it is necessary to prove it, though the allegation was unnecessary.

State vs. Anderson.

APPEAL from *Nevada* Circuit Court.

Hon. JAMES K. YOUNG, Circuit Judge.

*Attorney General Hughes*, for State.

It was not necessary to allege the name of the game, or that money was bet *State* v. *Grace*, 21 Ark., 227 ; *Stockden* v. *State*, 18 Ark., 186.   Whatever is not essential is surplusage. 1 Whar. Am. Crim. Law Book 1, sec. 624-6, Rev'ed.

ENGLISH, CH. J. :

On the 30th of November, 1874, John D. Anderson was indicted in the Nevada Circuit Court for Sabbath breaking.

There were four counts in the indictment.   The first count charged that the defendant on the first day of November, 1874, the same being the Christian Sabbath, or Sunday, at etc., did engage in a game played with cards called euchre, etc.

The second count charged that, on the same day, he engaged in a game played with cards called casino, etc.

The third count charged that, on the same day, he engaged in a game played with cards called euchre, and bet money on said game, etc.

The fourth count charged that, on the same day, he engaged in a game played with cards called casino, and bet money on said game, etc.

The defendant pleaded not guilty ; and on the trial, the State proved, by a witness, that in October or November, 1874, and before the finding of the indictment, he saw the defendant engaged in a game played with cards, on Sabbath, in the town of Prescott, Nevada county, but could not remember the name of the game played, and had no means of refreshing his memory.

The Prosecuting Attorney asked the court to instruct the jury :.

*First*—If the jury find from the evidence that the defendant, at any time within twelve months before the finding of the indictment, in the County of Nevada, etc., was engaged in a game

State vs. Anderson.

played with cards on the Christian Sabbath, or Sunday, they will find him guilty of Sabbath breaking, and assess his fine, etc.

*Second*—The name of the game is not material and need not have been alleged in the indictment, and the allegation in the indictment in regard to the name of the game alleged to have been played, is mere surplusage, and should not be considered by the jury in arriving at their verdict.

These instructions 'the court refused; but gave the following, moved for the defendant:

*First*—That it is necessary for the State, before a conviction should be had to prove every material allegation in the indictment.

*Second*—That in an indictment for Sabbath breaking charging particular games of cards to have been played by defendant, it devolves upon the State to prove the identical game or games, or one of that class of games charged in the indictment, and on failure to prove the games alleged, the jury must acquit.

*Third*—The defendant is entitled to the benefit of all reasonable doubts.

The defendant was acquitted and the State excepted and appealed.

The statute, under which the indictment was preferred, provides that "every person who shall, on the Christian Sabbath, or Sunday, be engaged in any game of brag, bluff, poker, seven up, three up, twenty-one, vingt-un, thirteen cards, the odd trick, forty-five, whist, or at any other game at cards known by any name now known to the laws, or with any other new name, for any bet or wager on such game, or for amusement without any bet or wager, shall, on conviction thereof, be fined in any sum not less than twenty-five dollars nor more than fifty dollars." (Act January 12th, 1853) Gantt's Digest, 1621.

In *Stockden* v. *The State*, 18 Ark., 186, there was a motion in arrest of judgment, because the indictment did not aver whether the defendant played the game at cards, on the Sabbath, for a wager, or for amusement, and it was held that neither averment was necessary. The court said: "The object of the statute was to prohibit the desecration of the Sabbath by engaging in the vicious employment of playing cards on that day, which is set apart by divine appointment, as well as by the law of the land, for other and better engagements, and, whether the defendant plays for a wager or amusement, he is alike guilty of a desecration of the Sabbath, and consequently of a violation of the law.

"The playing *cards* upon *that day* is the gist of the offense, and whether the playing be for a wager or amusement, is not material. No matter what the purpose of the game may be, it is a desecration of the day, and vicious to public morals in its tendencies."

In the *State* v. *Grace*, 21 Ark., 227, it was held that in an indictment for playing cards on Sunday, it is not necessary to allege the *name* of the game played, citing *Stogden* v. *The State*, Sup., and *The State* v. *Parnell*, 16 Ark., 507.

In this case the indictment unnecessarily alleged in each count, the name of the game of cards at which the defendant played on the Sabbath. Was the State bound to prove the name of the game—did it become material because alleged, or was it *such* surplusage as need not be proved?

The material act or thing charged to have been done on the Sabbath, was the playing at a *game* of *cards*, and the name of the game was averred as descriptive of the act or thing done.

Roscoe says where a person or thing necessary to be mentioned in an indictment is described with circumstances of greater particularity than is requisite, yet those circumstances must be proved, otherwise it would not appear that the person or thing is

the same as that described in the indictment. Roscoe Cr. E., 101.

Courts are more strict in requiring proof of the matters and things alleged in a criminal than in a civil suit.

Mr. Roscoe states several cases illustrative of the above rule. For example, where a man was charged with stealing a *black* horse, the allegation of color, although unnecessary, yet being descriptive of that which was material, could not be rejected. So where the prisoner was indicted for stealing four *live* tame turkeys, and it turned out in evidence that they were *dead* turkeys.

This court has heretofore applied this rule in several cases.

In *Haney* v. *State,* 9 Ark., 193, the indictment charged that the accused and four other persons bet together at a game of cards, and the proof was that the bet was with but one, and it was held that the charge was made with unnecessary particularity, but should have been proven as alleged.

So in *Shover* v. *The State,* 10 Ark., 259, the gist of the offense was in keeping a grocery open on Sunday, and the indictment alleged that the accused was the owner of the house. Held that it was not necessary to allege who owned the house, but, the ownership having been alleged, it should have been proven.

So, in an indictment for keeping a common gaming house, it was not necessary to allege that any particular game was played, but, having been alleged, the State was bound to prove the allegation. *Dudney* v. *State,* 22 Ark., 252.

The rulings of the court below were in harmony with these decisions, and the judgment must be affirmed.