## STATE OF OREGON, APPELLANT, *v.* GITT LEE ET AL., RESPONDENTS.

INDICTMENT FOR GAMBLING — THE NAME OF THE GAME PLAYED NEED NOT BE SET FORTH. — In an indictment for playing, dealing or carrying on an unlawful game under section 1 of the act of the legislative assembly of the state of. Oregon, approved October 20, 1876, entitled "An act to prevent and punish gambling;" it is not necessary to name the unlawful game, or the device by which it is played.

GAMBLING DEVICE—DESCRIPTION OF, NECESSARY IN THE INDICTMENT. — It is necessary in an indictment for a violation of said section to describe the device by which the unlawful game is played, and to set forth that it

was adapted, designed, devised or used for playing games for money, etc.

STATUTE AGAINST GAMBLING — WHEN SUFFICIENTLY DEFINITE. — That portion of said section one, which prohibits "any banking or any other game played with cards, dice, or any other device, whether the same be played for money, checks, credits or any other representative of value," is not too indefinite to describe a crime. It is not necessary that the game or device should be named in the statute.

APPEAL from Grant County.

The respondents were indicted for the crime of dealing, playing and carrying on as proprietors a banking game played for money.

The indictment charges that "the said Gitt Lee, Ah Foy and Ah Gau, on the fourteenth day of February, A. D. 1877, in the county and state aforesaid, did willfully and unlawfully deal, play and carry on as proprietors thereof a banking game played for money; but of what name, is to the said grand jury unknown, said game being played with copper devices for money, as representatives of money and value."

Respondents demurred to the indictment for the reason that it did not state facts sufficient to constitute any crime. The demurrer was sustained and defendants were discharged.

The district attorney appeals to this court.

*L. B. Ison, District-attorney,* for the appellant.

No appearance for respondents.

By the Court, WATSON, J. :

The verdict in this case is founded on section 1 of the act of the legislative assembly of the state of Oregon, approved October 20, 1876, entitled "An act to prevent and punish gambling." The section is in these words: "Section 1. Each and every one who shall deal, play, or carry on, open, or cause to be opened, or who shall conduct, either as owner, proprietor or employee, whether for hire or not, any game of faro, monte, roulette, rouge et noir, lansquenette, rondo, vingtun (or twenty-one), poker, draw poker, brag, bluff, thaw or any other game played with

cards, dice or any other device, whether the same be played for money, checks, credits, or any other representative of value, shall be guilty of a misdemeanor, and upon conviction thereof, shall be punished by a fine of not more than five hundred dollars, and shall be imprisoned in the county jail until such fine and costs are paid; *provided,* that such person so conviced shall be imprisoned one day for every two dollars of such fine and costs, and provided further that such imprisonment shall not exceed one year."

We are of the opinion that it is not necessary in an indictment for a violation of this statute to state the name of the game, or the name of the device by which it is played. There is much force in the suggestion of the district attorney; that if it were essential either in a statute defining the offense of gambling, or in an indictment for the violation of such statute, to give the name of the game or of the device by which it is played, it would always be easy to evade the statute by changing the name of either the device or the game. We think that part of section 1, which prohibits "any banking, or any other game played with cards, dice, or any other device, whether the same be played for money, checks, credits, or any other representative of value" is sufficiently definite, and renders unlawful all games not previously enumerated in that section, and which are played for "money, checks, credits, or any other representative of value," with "cards, dice, or other device."

We are, however, of the opinion that the indictment in this case does not sufficiently describe the offense. It does not appear therefrom that the game was played with any device whatever. If the clause "said game being played with copper devices for money, as representatives of money and value" means anything, it is that the "copper devices" therein mentioned were used to represent money and value, and were the stakes played for; not that they were the device by means of which the game was played.

It is entirely consistent with this indictment that the game therein charged may have been played by means of some "intangible" mental device which is not within the

prohibition of the statute. In *State of Oregon* v. *Hann*, 2 Or. 238, this court used the following language in defining what constitutes a "gambling device:" "It must be something tangible and adapted, devised, or designed for the purpose of playing a game of chance for money."

The indictment should describe the device with which the game was played, not necessarily by its name, but by its adaptation and use, and it should appear therefrom that a "tangible device" was used, and that it was adapted, devised and used for the purpose of carrying on or playing a "banking or other game for money, etc.," or if it was not devised originally for that purpose that it was so adapted and used. In this respect the indictment is deficient and the demurrer was properly sustained.

The judgment of the court below will be affirmed.