STATE, RESPONDENT, *v.* RADMILOVICH, APPELLANT.

(No. 2,754.)

(Submitted November 24, 1909. Decided December 2, 1909.)

[105 Pac. 91.]

*Criminal Law—Gaming—Evidence—Insufficiency—Information —Appeal—Review.*

Criminal Law—Appeal—Review.
  1.  To make the refusal of the trial court to direct a verdict of acquittal reviewable on appeal, it was not necessary that the ruling should first have been presented to that court on a motion for a new trial and an exception preserved to the order denying the motion.
Same—Gaming—Information—Evidence—Insufficiency.
  2.  Where an information charged defendant with unlawfully permitting a game of draw-poker to be played upon his premises, and there

was no evidence whatever as to what, if any, game was being played, the court should have withdrawn the case from the jury and directed a verdict of acquittal.

Same—Jury—Disregard of Instructions—New Trial.

     3.    Failure, on the part of the jury, to heed the court's instructions, is sufficient to warrant the granting of a new trial.

Same—Gaming—Information—Sufficiency.

     4.    An information charging defendant with permitting a game of chance to be played upon his premises, contrary to the provisions of section 8416, Revised Codes, was not defective because it failed to set forth the names of the persons permitted to play.

Same—Admission of Evidence—Prejudicial Error.

     5.    It was prejudicial error to allow the state, while attempting to prove the ownership of the saloon in which defendant was charged to have permitted gambling, to show that a homicide had taken place therein at some time prior to the offense for which he was on trial.

*Appeal from District Court, Silver Bow County; Michael Donlan, Judge.*

JOHN RADMILOVICH, charged with permitting a certain game of chance to be played upon his premises, was convicted, and appeals. Reversed and remanded for new trial.

*Messrs. Binnard & Rodger,* and *Mr. B. S. Thresher,* submitted a brief in behalf of Appellant; *Mr. Morris Binnard* argued the cause orally.

The information having described the game alleged to have been permitted to be played as draw-poker, the evidence must conform to such allegation, and unless it does there is a failure of proof, and a conviction cannot be had upon evidence that some other game than that charged in the information was being conducted. (13 Encyclopedia of Evidence, p. 640; *People* v. *Strassman,* 112 Cal. 683, 45 Pac. 3; *Dudley* v. *State,* 22 Ark. 251; *State* v. *Anderson,* 30 Ark. 131; *State* v. *Hesner,* 55 Iowa, 494, 8 N. W. 329; *Windsor* v. *Commonwealth,* 4 Leigh (Va.), 680.)

Where a person or thing necessary to be mentioned in an indictment is described with unnecessary particularity, all the circumstances of the description must be proved. (*State* v. *Newland,* 7 Iowa, 242, 71 Am. Dec. 444.) Acts constituting the offense must be proved as alleged in the indictment, although

they are therein described with more minuteness than is necessary.  (*Commonwealth* v. *Magowan*, 1 Met. (Ky.) 368, 71 Am.. Dec. 480.)    Although an indictment for theft of a branded' animal need not describe the brand, if the brand be described, a variance in the proof thereof is fatal to a conviction.  (*Allen* v. *State*, 8 Tex. App. 360; *Gray* v. *State*, 11 Tex. App. 411; *State* v. *McDonald*, 10 Mont. 22, 24 Am. St. Rep. 25, 24 Pac.. 628.)    The general rule is, that all descriptive averments in: the information, although unnecessarily particular, must be proved as laid.    (22 Cyc. 448; *McAllister* v. *State* (Tex. Cr.),. 116 S. W. 582.)

The information is insufficient in that it fails to give the names of the persons who were by the defendant permitted to conduct or play the game of draw-poker; nor does it allege that such persons were unknown to the county attorney.  (*State* v.. *Oldham*, 200 Mo. 538, 98 S. W. 497; *Moore* v. *State*, 69 Neb.. 653, 96 N. W. 196.)

A brief in behalf of the state was filed by *Mr. Albert J. Galen,.* Attorney General, and *Mr. W. H. Poorman*, Assistant Attorney General.  *Mr. E. M. Hall*, Assistant Attorney General, argued the cause orally.

This court cannot, on an appeal from the judgment alone, consider the insufficiency of the evidence to sustain the verdict.. ¸(*Withers* v. *Kemper*, 25 Mont. 432, 65 Pac. 422.)    If all questions relating to the admissibility or the rejection of evidence, or the sufficiency of evidence, as well as other rulings made by the court, during the progress of the trial, may properly .be raised on an appeal from the judgment, then it is not necessary that a motion for a new trial should be made in any case, but all questions can be brought directly to the appellate court.

It is claimed by appellant that the information in this case is insufficient.    However, similar informations have been sustained by this court, and by other courts of last resort.  (*State* v. *Ross*, 38 Mont. 319, 99 Pac. 1056; *Miller* v. *Commonwealth,.* 117 Ky. 80, 77 S. W. 682, 78 S. W. 250.)

That a gambling game was being run by the defendant, that this game was carried on by the use of cards, poker-chips, etc., and that the poker-chips were sold and used at the tables by the players, is beyond question. The name of the game played was a question of fact for the jury, and they determined that it was draw-poker. (See *State* v. *Gray,* 19 Mont. 206, 47 Pac. 900; see, also, *Flynn* v. *State,* 34 Ark. 441; 20 Cyc. 911, 912.)

MR. JUSTICE SMITH delivered the opinion of the court.

The above-named defendant was prosecuted in the district court of Silver Bow county under an information, the charging portion of which is as follows: "That the said defendant, on or about the eighteenth day of October, 1908, * * * then and there being the owner and in charge of a certain saloon, beer-hall, or barroom, then and there situate and being in that certain building known as and numbered 110 East Park street, in the city of Butte, * * * unlawfully, etc., did permit, then and there and therein, and in and about said saloon, beer-hall, or barroom, a certain game of draw-poker to be played, with cards, for money, checks, credits, and other representatives of value." The jury before whom he was tried rendered a verdict of guilty, and from a judgment of conviction he appeals.

At the close of the state's case in chief, the defendant moved the court for a directed verdict of acquittal, and also requested the court to advise the jury to acquit him, for the following reasons, viz., that the state had failed to prove (1) the *corpus delicti,* or (2) that he knowingly permitted a game of draw-poker to be played, or (3) that a game of draw-poker was played, or (4) that a game of draw-poker was played for money, checks, credits, or other representatives of value. The court denied the motion, and the defendant preserved an exception. His counsel now contends that there is in the record no testimony whatsoever tending to prove any of the matters enumerated in the motion. We agree with him; but the attorney general urges that, as this is an appeal from the judgment alone, and

there was no motion for a new trial, we may not consider the alleged error. The point is thus stated in the brief in behalf of the state: "We contend that no 'exception taken at the trial' can be heard on appeal unless the ruling so excepted to has first been presented to the trial court in a motion for a new trial and an exception taken to the order refusing a new trial." The court is of opinion that the point is not well taken.

The testimony shows that the sheriff of Silver Bow county and his deputies forced their way into a basement underneath the saloon of the defendant, and there found about twenty men, some of whom had apparently been playing cards. There were card-tables, cards, chips, and money scattered about the room. Some of the inmates were in hiding, others tried to escape, and all were much perturbed and apparently attempting to conceal what had been going on. We think there was sufficient circumstantial evidence to warrant the conclusion that some sort of a card game had been interrupted by the officers; but the charge against the defendant is specific. He is charged with permitting a game of draw-poker to be played, with cards, for money, etc. All of the officers declared on the witness-stand that they saw no game of cards and no gambling. One witness testified that he was in the room before the arrival of the officers. He said he saw men playing cards, that he saw chips and tables, but that he did not know what game was being played. He also stated that he saw a man buy $2 worth of chips, with the remark, "We will see if we can win some cigars."

The statute (section 8416, Revised Codes) prohibits the operation, etc., of the game of " * * * draw-poker, * * * or any game of chance played with cards. * * * " The pleader might properly have alleged that the defendant permitted a certain game of chance to be played with cards, for money, etc.; the name of the game being unknown to him. It is necessary that there should be an allegation that one of the games mentioned in the statute was permitted (see *State* v. *Ross,* 38 Mont. 319, 99 Pac. 1056), or that a game of chance, played with cards, for money, etc., was permitted. The only

allegation in this information, to the effect that a game of chance was permitted is the allegation that a game of draw-poker was permitted. There is no evidence, either direct or circumstantial, as to what, if any, game was being played. Therefore the court should not have submitted the case to the jury. Many cases may be found in which the courts have held that, although it is not necessary to charge that a particular game was played, if the offense is so charged, it must be proved as alleged. (See *Dudney* v. *State*, 22 Ark. 251; *State* v. *Anderson*, 30 Ark. 131; *Windsor* v. *Commonwealth*, 4 Leigh (Va.), 733; 22 Cyc. 448.) It is not necessary to hold that this case falls within the rule, for the reason, as aforesaid, that the allegation relative to a game of draw-poker is the only allegation going to show that any game of chance was permitted, and this latter allegation is essential in cases where the particular game is not named. Without such an allegation the defendant could not properly be convicted for permitting any game, other than draw-poker, to be played. We are not inclined, in applying this statute, to follow too closely those technical rules of pleading, found in some of the books, unless a failure to do so would manifestly result in prejudice to a defendant; but there is a total lack of proof here. The trial court was evidently of opinion that it was incumbent upon the state to prove that a game of draw-poker was played, because it charged the jury that, unless they so found, they must acquit. The jury failed to heed this instruction. This alone is a sufficient reason why a new trial should be granted. (*McAllister* v. *Rocky Fork Coal Co.*, 31 Mont. 359, 78 Pac. 595.)

It is also urged by counsel for the appellant that the information is insufficient, for the reason that it fails to set forth the names of the persons who were by the defendant permitted to play the game. He cites cases to that effect; but we are not inclined to follow them. We hold that the information is sufficient in that regard.

In attempting to prove the ownership of the saloon, the county attorney brought out, over defendant's objection, the fact that

a man had been killed there at some time prior to October 18, 1908. We think it was unnecessary to bring out this fact, and the court ought not to have permitted it. It was prejudicial to the defendant, and the testimony shows that his ownership of the place could easily have been established without touching upon it.

The judgment of the district court is reversed, and the cause is remanded for a new trial.

*Reversed and remanded.*

Mr. Chief Justice Brantly and Mr. Justice Holloway concur.

(Submitted November 24, 1909. Decided December 2, 1909.)