STATE, RESPONDENT, *v.* DUNCAN, APPELLANT.

(No. 2,766.)

(Submitted February 10, 1910. Decided February 26, 1910.)

[107 Pac. 510.]

*Criminal Law—Gaming—Information—Amendment After Plea —Surplusage—Evidence—Insufficiency.*

Criminal Law — Gaming — Information—Surplusage—Amendment After Plea.
1. The particular name of a game of chance played with cards for money, checks, etc., contrary to the provisions of section 8416, Revised Codes, need not be stated in the information; hence where the pleader did state the name, it was surplusage, and not a matter of substance, and the court did not err in permitting the state to amend, after defendant's plea had been entered, by striking out such designation, especially where defendant had not asked for a continuance or urged at the time that his rights would be prejudiced, or that the proof he was prepared to make would not be equally applicable to the amended charge.

Same—Trial—Remarks of Court—Review.
2. Where the record fails to disclose that defendant objected to certain remarks of the trial judge, made in the presence of the jury, or saved an exception, his contention that he suffered prejudice will not be reviewed on appeal.

Same—Evidence—Insufficiency.
3. Evidence which furnished no more than a well-grounded suspicion that defendant had violated the anti-gambling law, *held,* insufficient to warrant conviction. Mere suspicions or probabilities, however strong, are not sufficient basis for the conviction of crime.

*Appeal from District Court, Silver Bow County; Michael Donlan, Judge.*

LEANDER DUNCAN was convicted of operating and conducting a gambling game, and he appeals from the judgment and an order denying him a new trial. Reversed.

*Messrs. Canning & Keating* submitted a brief in behalf of Appellant. *Mr. J. E. Keating* argued the cause orally.

The court erred in permitting the county attorney to amend the information. The amendment was to a matter of substance and not of form. So much so, in fact, that it had the effect of changing the entire charge in the information. (*State* v. *Mc-Kee,* 17 Utah, 370, 53 Pac. 733.)

The general rule is that all descriptive matters in the information, although unnecessarily particular, must be proved as laid. (22 Cyc. 448; *State* v. *McDonald,* 10 Mont. 22, 24 Am. St. Rep. 25, 24 Pac. 628; *McAllister* v. *State,* 55 Tex. Cr. 264, 116 S. W. 582.) In the case of *Windsor* v. *Commonwealth,* 4 Leigh (Va.), 680, the indictment was for gaming, and charged the defendant with unlawfully playing with cards, to wit: "Game of all-fours," of "Loo," and of "Whist." It was held that to convict the defendant on the prosecution, it was necessary to show that he played some of the specific games mentioned in the indictment. (See, also, *People* v. *Strassman,* 112 Cal. 683, 45 Pac. 3; *Dudney* v. *State,* 22 Ark. 251; *State* v. *Anderson,* 30 Ark. 131; *State* v. *Hesner,* 55 Iowa, 494, 8 N. W. 329.)

If the foregoing is the law, we contend that the particular game charged, as constituting the crime alleged, was a material allegation, and a material allegation is a matter of substance. Hence the amendment should not have been allowed.

Remarks made by the court, which, if they were put in the instructions, would be an error in the case, are sufficient to reverse. (1 Sackett on Instructions, sec. 88; see, also, *State* v. *Allen,* 100 Iowa, 7, 69 N. W. 275; *Cronkhite* v. *Dickerson,* 51 Mich. 177, 16 N. W. 371; *State* v. *Ah Tong,* 7 Nev. 148; *Lewter* v. *Lindley* (Tex. Civ. App.), 89 S. W. 785; *Hicks* v. *United States* (Okl. App.), 103 Pac. 873.)

The state absolutely failed to show that there was any game at all played, and consequently failed to prove the *corpus delicti*.

The law does not permit a decision to be made on remote inferences. (*Dyson* v. *State*, 26 Miss. 362; *Rye* v. *State*, 8 Tex. App. 153; *United States* v. *Ross*, 92 U. S. 282, 23 L. Ed. 707; *State* v. *McCarthy*, 36 Mont. 234, 92 Pac. 521.)

The information does not state facts sufficient to constitute a public offense. In the case of *Myers* v. *State*, 41 Tex. Cr. 508, 55 S. W. 818, the court said: "An indictment for gaming which charges the accused with 'permitting a game' in a prohibited place under his control, without charging the playing of some of the inhibited games, charges no offense." (See, also, *People* v. *Stedeker*, 175 N. Y. 57, 67 N. E. 132; *Woody* v. *State*, 113 Ga. 927, 39 S. E. 297; *Eylar* v. *State*, 37 Tex. Cr. 257, 39 S. W. 665; *Montgomery* v. *State*, 40 Fla. 174, 24 South. 68.)

*Mr. Albert J. Galen*, Attorney General, and *Mr. W. L. Murphy*, Assistant Attorney General, filed a brief on behalf of the State. *Mr. Murphy* argued the cause orally.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

Leander Duncan and others were convicted of operating and conducting a gambling game. From the judgment of conviction, and from an order denying him a new trial, the defendant Duncan appealed.

1. The first contention made is that the trial court erred in permitting the information to be amended after the defendant had entered his plea. Sections 9108 and 9174, Revised Codes, provide:

"Sec. 9108. An information may be amended in matter of substance or form at any time before the defendant pleads, without leave of court. The information may be amended at any time thereafter and on the trial as to all matters of form, at the discretion of the court, where the same can be done without prejudice to the rights of the defendant. No amendment must

cause any delay of the trial unless for good cause shown by affidavit.''

"Sec. 9174. Upon the trial of an indictment or information, when a variance between the allegation therein and the proof, in respect of time, or in name or description of any place, person or thing, shall appear, the court may, in its judgment, if the defendant cannot be thereby prejudiced in his defense on the merits, direct the indictment or information to be amended, according to the proof, on such terms as to the postponement of the trial, to be had before the same or another jury, as the court may deem reasonable.''

As originally drawn, the information charged the defendant with operating and conducting a certain game of chance played with cards, ''commonly known as and called by the name of 'stud horse poker,' '' said game being then and there played, carried on, run, and conducted with cards for money, checks, credits, and other representatives of value. The amendment was made by striking out the words quoted above. If these words were material, in the sense that their presence in the information was necessary to constitute the statement of a public offense, or if the information, as amended, charged an offense different from the one it charged before the amendment was made, then, confessedly, the amendment was as to a matter of substance and could not be made after plea. (Section 9108, above; 22 Cyc. 439.) The attorney general concedes that it is the rule that if these words, so stricken, had remained in the information, the state would have been confined in its proof to the specific game designated. (*State* v. *Radmilovich, ante,* p. 93, 105 Pac. 91.) But counsel for appellant err in assuming that this is a rule of pleading, whereas it is a rule of evidence.

Section 8416, Revised Codes, under which the defendant was convicted, makes it a crime to carry on or conduct a game of chance played with cards for money, checks, credits, or other representatives of value. The information, as originally drawn, charged the defendant with that crime, and the information in its amended form does likewise. The original information desig-

nated the game by name; the amended information does not. But to hold that it is necessary to state in the information the particular name of the game would open the way to wholesale evasions of the statute, by the clever device of changing the name of any game; and the authorities quite uniformly hold that it is not necessary to make such particular designation in the information. Accordingly, we hold that the words which were eliminated by the amendment were mere surplusage, and that the court did not err in its ruling; particularly in view of the fact that a continuance was not demanded, nor was it urged at the time that the rights of the defendant would be prejudiced by the amendment, or that the proof he was prepared to make would not be equally applicable to the charge as made by the amended information. (*State* v. *Oliver,* 20 Mont. 318, 50 Pac. 1018; *State* v. *Gitt Lee,* 6 Or. 425; *People* v. *Carroll,* 80 Cal. 153, 22 Pac. 129; *State* v. *Anderson,* 30 Ark. 131; 20 Cyc. 904.)

2. Exception is taken in this court to certain remarks made by the judge of the trial court in the presence of the jury. But the record fails to disclose that any objection was made, ruling requested, or exception saved in the court below, and there is therefore not anything before us to review.

3. The principal assignment of error, and the only other one which requires special notice, relates to the insufficiency of the evidence to sustain a conviction. From the brief of the attorney general we quote his *résumé* of the evidence, as follows: "The testimony of the witnesses on behalf of the state, Charles S. Henderson, J. B. Henderson, and W. D. Tracy, all peace officers of Silver Bow county, connected with the sheriff's office, is to the effect, generally, that when they broke into the rooms where the defendants were arrested, they found about seven or eight men, who had apparently been playing cards. There was a card-table, cards and chips scattered about the room. Some of the inmates were trying to escape, and all were much perturbed, and apparently attempting to conceal what had been going on. The testimony of the witness Tracy, in part, is as follows: 'About 2 o'clock that day we went down to Veale's place, and in

the back end of the saloon burst the door in, and found seven or eight fellows. I helped break the door in, and found seven or eight fellows inside, in a state of confusion, trying to get away; they were here and there and every place, and Mr. Duncan here was trying to get out of some door in the back, and I grabbed him; and he said, "It is funny"—he was trying to get out of some door in the back—he says, "It is funny, every time I try to get away, you catch me." ' The same witness testifies that the table was a poker-table; that he examined the cards, and noticed that they were regular playing cards, and that the checks were such as were used in ordinary card games. There is no evidence that any money was found on the table or floors, but that the defendants, or some. of them, when searched at the jail, had money upon their persons. The only evidence that the game of cards was being carried on for money, or other representatives of value, or other property, is the fact that the seven or eight inmates of the room were thrown into a state of confusion upon the entrance of the officers, and all of them, especially the appellant here, were making vigorous efforts to escape from the room and to avoid arrest." It will be observed that there is not any direct evidence that a game of cards had been played, and there is not any evidence, direct or circumstantial, that, if a game had been played, it had been carried on, opened, conducted, operated or run for money or other representatives of value. Since the statute does not condemn the playing of a game with cards merely, it is apparent that this evidence does not go further than to create a well-grounded suspicion that the defendant and his associates were violating the law. In *State* v. *McCarthy,* 36 Mont. 226, 92 Pac. 521, this court said: "There must be some substantive testimony to justify the judgment of the court. Mere suspicions or probabilities, however strong, are not sufficient basis for the conviction of crime."

The judgment and order are reversed, and the cause is remanded for a new trial.

*Reversed and remanded.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE SMITH concur.