STATE, Respondent, *v.* BAKER, Appellant.

(No. 6,629.)

(Submitted April 7, 1930.   Decided April 19, 1930.)

[286 Pac. 1113.]

*Mr. John Collins*, for Appellant, submitted a brief and argued the cause orally.

*Mr. L. A. Foot*, Attorney General, and *Mr. L. V. Ketter*, Assistant Attorney General, for the State, submitted a brief; *Mr. Ketter* argued the cause orally.

MR. JUSTICE GALEN delivered the opinion of the court.

The defendant was by information charged with the crime of selling intoxicating liquor to a minor. Upon his plea of not guilty he was tried to a jury which by verdict found him guilty and fixed his punishment at six months' imprisonment in the county jail and to pay a fine of $250. Judgment was regularly entered upon the verdict from which the defendant has appealed.

The only question presented for decision is whether the information states sufficient facts to constitute a public offense. It charges that on or about the eighth day of August, 1929, in Beaverhead county, the defendant "did then and there willfully and unlawfully sell certain intoxicating liquor to one Stanley Starr, the said Stanley Starr then and there being a minor of the age of seventeen years."

Chapter 122 of the Laws of 1927 is the basis of the charge against the defendant, whereby it is provided:

"Section 1. Any person who shall sell, give away or dispose of intoxicating liquors to a minor, shall be guilty of a misdemeanor, and for the first offense, be punishable by a fine of not less than Two Hundred and Fifty Dollars nor more than Five Hundred Dollars and by imprisonment for not less than six months nor more than one year in the county jail, and for the second and subsequent offenses, he shall be guilty of a felony and punishable by a fine of not less than Five Hundred Dollars, nor more than Two Thousand Dollars, and by imprisonment in the state penitentiary for not less than one year, nor more than two years. Nothing herein contained shall prohibit the furnishing of intoxicating liquor to minors upon any physician's prescription where authorized by the laws of the United States nor the furnishing of wine for sacramental purposes.

"Section 2. When used in this Act, or in any other laws of the State relating to intoxicating liquors, the word 'liquor'

or the phrase 'intoxicating liquor' shall · be construed to include alcohol, brandy, whisky, rum, gin, beer, ale, porter, and wine, and in addition thereto any spirituous, vinous, malt, or fermented liquor, liquids, and compounds, whether medicated, proprietary, patented or not, and by whatever name called containing one-half of one per centum, or more of alcohol by volume which are fit for use for beverage purposes; provided, that the foregoing definition shall not extend to dealcoholized wine, nor to any beverage or liquid produced by the process by which beer, ale, porter, or wine is produced, if it contains less than one-half of one per centum of alcohol by volume.''

It is the defendant's contention that the information fails to state facts sufficient to constitute a public offense for the reason that the allegation that the defendant "did then and there sell *certain intoxicating liquor*,'' without specifying the particular kind of liquor, is merely a conclusion, and fatally defective for failure to specify the particular kind of intoxicant sold. In our opinion there is no merit in this contention. Section 11843 of the Revised Codes of 1921 requires that an information must contain "a statement of the facts constituting the offense, in ordinary and concise language, and in such manner as to enable a person of common understanding to know what is intended." The information before us meets this requirement. The defendant is not left in doubt as to the nature of the offense with which he stands charged, viz.: The sale of intoxicating liquor to a minor contrary to law at a given time and place. He is in no manner misled to his prejudice or at all. He may defend by showing that the liquid sold was not in fact a beverage or intoxicating, or that he did not make a sale as charged.

The statute defines certain known liquids fit for beverage purposes as intoxicating, and then in most sweeping language attempts to embrace all and any intoxicating beverages not specifically enumerated. With like propriety and equal force might the defendant complain as to the specification in an information charging a sale of whisky, an intoxicating liquor,

contrary to the statute for failure to designate the particular kind, that is, whether Irish, Scotch, Bourbon or Rye. If such were a requirement of the law, a charge of unlawfully carrying concealed weapons would be considered inadequate unless the particular kind of firearm was specified in the information. If such were the law, an information charging gambling would be held insufficient unless the particular kind of gambling game was specified. However, such minuteness is not a requirement. To so hold would in many instances render the statute inoperative. In such a case the ultimate fact to be established by evidence is whether the accused, at the time and place specified, was guilty of playing a gambling game in violation of the law. In the case now under consideration the question is, Was he guilty of selling *intoxicating liquor* to a minor? The particular kind or brand of such liquor is a matter of proof. In our opinion, the accused could not as a person of common understanding have been deceived or misled respecting the accusation he was called upon to meet.

In the case of *State* v. *Duncan,* 40 Mont. 531, 107 Pac. 510, 511, a prosecution was instituted for violation of the statute prohibiting gambling. There are many games of chance which may be played with cards for money included within the language of the statute prohibiting games of chance. The court held, and we think correctly, that it is not necessary to allege the *particular kind* of game which was played. Speaking for the court Mr. Justice Holloway said in that case: ''The original information designated the game by name ['stud horse poker']; the amended information does not. But to hold that it is necessary to state in the information the particular name of the game would open the way to wholesale evasions of the statute, * * * and the authorities quite uniformly hold that it is not necessary to make such particular designation." And it appears to be ''a well settled and accepted rule that an indictment for the unlawful sale or keeping of liquors need not specify the particular *kind* of liquor which it is expected to prove at the trial. That is, if the indictment charges the sale of 'spirituous' or 'intoxi-

cating' liquor, or uses any other general term employed in the statute, it will be sufficient without any additional allegation that the liquor was whiskey, rum, gin, wine, beer, etc. The class or species of the liquor sold is not a material ingredient of the offense, and the defendant is not entitled to more detailed information on this point, if the other allegations of the indictment describe the particular transaction with sufficient certainty to identify it.'' (Black on Intoxicating Liquors, sec. 467.)

Counsel for appellant is in error in assuming that such particularity is required in charging the offense; although it is the rule of evidence. (*State* v. *Duncan, supra.*)

The judgment is affirmed.

ASSOCIATE JUSTICES MATTHEWS, FORD and ANGSTMAN concur.

MR. CHIEF JUSTICE CALLAWAY, being absent, did not hear the argument and takes no part in the foregoing decision.