56 Vroom.                    State v. Unsworth.

For affirmance—THE CHANCELLOR, SWAYZE, TRENCHARD, PARKER, VREDENBURGH, CONGDON, TERHUNE, HEPPEN-HEIMER, JJ. 8.

For reversal—MINTURN, J. 1.

THE STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. JOHN UNSWORTH ET AL., PLAINTIFFS IN ERROR.

Argued June 24, 1913—Decided November 17, 1913.

1. The file mark of the clerk is no part of an indictment and an objection based on its date is not an objection apparent on the face of the indictment which must be taken by demurrer or motion to quash before the jury is sworn.
2. Where an indictment for conspiracy charges a crime to have been committed more than two years prior to the presentment of the indictment, without any averment that the defendants were not fugitives from justice, the objection that the prosecution is barred by the statute of limitations is not an objection apparent on the face of the indictment, since the two years' limitation is not absolute but is subject to an exception in the case of persons fleeing from justice.
3. Where an indictment for conspiracy avers that the crime was committed more than two years prior to the finding of the bill, an amendment fixing a later date is not legally permissible if the date is material.
4. An indictment for conspiracy that fails to charge a specific date for some of the overt acts, and charges some to have been committed more than two years before the finding of the bill, will not be held insufficient, and the state may prove an overt act within the two years.
5. The failure to aver in an indictment for conspiracy the time at which an overt act was committed, is a defect apparent on the face of the indictment and must be taken before the jury is sworn.
6. Where in fact prosecution for a crime is barred by the statute of limitations, the failure to make timely objection to an omission to aver the time in the indictment will not avail to secure a conviction.
7. In an indictment for conspiracy, it is enough to warrant conviction if there is an overt act within two years prior to finding the indictment.

8. In the trial of a criminal case, defendant offered his own field book in evidence by way of corroboration and as evidential of what was done; it was excluded. *Held,* that on error, the offer could not be sustained upon the ground that the book was admissible as a memorandum to the accuracy of which he testified.

On error to the Supreme Court, whose opinion is reported in 55 *Vroom* 22.

For the state, *Edmund Wilson,* attorney-general.

For Unsworth, *George A. Bourgeois.*

For Enderlin, *Joseph H. Gaskill* (*J. Hampton Fithian* on the brief).

The opinion of the court was delivered by

SWAYZE, J.   The opinion of the Supreme Court is based upon the view that the date of finding the indictment appears on its face from the file mark of the clerk thereon; that the objection that the statute of limitations had barred the prosecution was, therefore, one of those objections that under our statute must be taken by demurrer or motion to quash before the jury is sworn and not afterwards.   We cannot agree to the fundamental assumption on which the opinion rests.   We think the objections referred to in the statute, as apparent on the face of the indictment, are those .that appear upon the indictment as it is found by the grand jury, and not those that may be made apparent by some subsequent act of a clerical officer.   It has been held that even the caption is no part of the indictment—*State* v. *Jones,* 4 *Halst.* 357 (at *p.* 365)—because it is not presented by, and does not receive the sanction of, the grand jury, nor the signature of their foreman, but is merely a history of the proceedings previous to the finding of the indictment.   So the file mark is in no way presented to or authenticated by the grand jury, but is a mere endorsement made after the indictment is presented to the court.   The indictment is complete without it, and becomes effective when handed to the court.   *State* v. *Magrath,* 15

*Vroom* 227. The judge ordinarily hands the indictment to the clerk to be filed, but he need not do so, and, in case of an indictment against the clerk himself, ought not to do so. Other cases may easily occur where the court in the exercise of proper care, would retain the indictments. In fact the approved precedents of records of conviction in criminal cases, contain no file mark and nothing but the caption to indicate when the indictment was found. It so happens that in the present case, the clerk's file mark is printed as part of the record, but in contemplation of law, it has no place in the record. We cannot, therefore, rest an affirmance of this judgment upon the ground taken in the court below. The caption, however, shows that the indictment was found on October 9th, 1911, and the indictment avers that the conspiracy was formed and certain overt acts committed on October 6th, 1909. It was conceded at the trial and at the argument here that, if there were nothing more, the prosecution would be barred by the statute of limitations. The concession, however, is not enough to make the defect apparent on the face of the indictment. We assume indeed that the court would take judicial notice of its own proceedings, which would show that the bill was found October 9th, 1911, but even with this concession, the averment in the indictment of October 6th, 1909, as the time of the offence, if that were averred, would not show an offence barred by the statute. The two years' limitation is not an absolute limitation as seems to be the case with the English statute as to high treason. 1 *Chit. Crim. L.* 223; *People* v. *Van Santvoord,* 9 *Cow.* 655. An exception is made in the case of persons fleeing from justice, and this indictment does not show that the defendants were not fugitives. The indictment on its face is good notwithstanding the statute of limitations. *United States* v. *Cook,* 17 *Wall.* 168. Probably, although the record and the evidence fail to show it, the defendants were in fact not fugitives and were entitled to the benefit of the two years' limitation. We suppose it was for this reason that the attorney-general at the close of the case moved to amend the indictment by averring November 10th, 1909, as the date. The amendment does not seem to have been actually made, but we may properly assume

it to be made in pursuance of the court's order, as far as amendment was legally permissible. Whether it was legally permissible depends on whether the date is material, for the court cannot by amendment make the indictment charge a crime when none is presented, or a crime different from that presented, by the grand jury. The indictment avers that on October 6th, 1909, some of the defendants were members of the board of freeholders; that a contract had heretofore been made for the construction of a public highway, payments for which were to be made by the board upon approval of another defendant; that *thereupon* the defendants entered into a conspiracy to corruptly obtain money from the contractors. This recital is enough to show that while a date is assigned to the preliminary averments, no date is given for the conspiracy except that it was *thereupon,* which may mean the same day or a subsequent day. The indictment goes on to aver that in execution of the conspiracy on October 6th, 1909, orders for the payment of money justly due the contractors were withheld, and that the defendants declared that the money would be withheld until $350 was paid by the contractors to the defendants, and *thereupon* the said sum of $350 was paid by one of the contractors to the defendants and received by them, whereupon the approval of the engineer and the other defendants was given. The averment of cne overt act on October 6th, 1909, perhaps suffices to show with sufficient certainty that the grand jury meant to charge that the conspiracy was formed on that date, although there is a failure to connect the time by specific averment with the corrupt agreement, but the averment of the overt act of the payment of the $350 contains no specific time. It is *"thereupon"* not on the day and year aforesaid as is sometimes averred, nor on any other date. We see no reason why, under such an indictment, it was not competent to prove an overt act on November 10th, 1909, whether the indictment was amended or not. Section 33 of the Criminal Procedure act (*Comp. Stat., p.* 1831) expressly enacts that no indictment shall be held insufficient for omitting to state the time at which the offence was committed in any case where time is

not the essence of the offence, nor for stating the time imperfectly. Time is of the essence of the offence, in cases where an act may be innocent at one time and criminal at another, as for example, the sale of liquor, which may be legal on Saturday but illegal on Sunday, or sometimes in a case of murder where death may result from the felonious act within a year and a day, or in a case of burglary which can only be committed in the nighttime; or in a case of perjury where the oath relates to an occurrence at a particular time. *Commonwealth* v. *Monahan*, 9 *Grey* 119. Ordinarily, however, time is not of the essence of the offence; the act is criminal at whatever time it is committed. *Bish. N. Cr. Pro.*, § 386; even where as in conspiracy the offence is a continuing one (*Bish.*, § 397), unless perhaps in cases where the continued repetition of the acts is essential to constitute the crime. *Commonwealth* v. *Pray*, 13 *Pick.* 359; *Commonwealth* v. *Briggs*, 11 *Metc.* 573, We think time is not of the essence of the offence of conspiracy and that the indictment could not be held insufficient for its failure to state the time of the conspiracy or of the last overt act in execution thereof. If an amendment had been necessary it was authorized under section 44. For, although we think the defence of the statute of limitations was not apparent on the face of the indictment, the failure to state the specific time of the conspiracy and of the last overt act was apparent; and as the defendants failed to object before the jury was sworn, the defect was amendable by the express terms of section 44. The consequences of the failure of the defendants to make timely objection are well stated in the opinion of the Supreme Court.

Although we think no amendment was necessary and that the amendment ordered was permissible to supply the defect, in the averments as to time, the question still remains of the substantial rights of the defendants, for if in fact it had appeared that the prosecution was barred by the statute, this failure of the defendants to make timely objection would not have availed the state to secure a conviction. Not only must the pleadings be right, but the proof must suffice to warrant conviction. The plea of the statute of limitations is available

under the general issue of not guilty, and no special plea was required.   *United States* v. *Cook,* 17 *Wall.* 168;   *United States* v. *Kissel,* 218 *U. S.* 601, 610.

In an indictment for conspiracy under a statute like ours which makes an overt act necessary to complete the offence, it is enough if there is one overt act within two years.   *United States* v. *Kissel,* 218 *U. S.* 601;   *Jones* v. *United States,* 162 *Fed. Rep.* 417;   212 *U. S.* 576;   *Wilson* v. *United States,* 190 *Fed. Rep.* 427;   220 *U. S.* 614.   Such an act was proved in this case.

The remaining questions relate for the most part to rulings on evidence.   It was proper to exclude the entries in Rightmeyer's field book.   He could not thus make evidence for himself.   Counsel now argues that it was admissible as a memorandum, the accuracy of which he testified to, and that it was no more than reading the memorandum from the witness-stand would have been.   The difficulty is that counsel did not offer it in that aspect; he said he offered it for corroboration, and that it was evidential to show what was done. In this contention he was wrong and he may not now vindicate the offer upon a ground inconsistent with that stated to the trial judge.

It was proper to allow Parker to testify that he had properly performed his contract.   It was only his opinion to be sure, but it was admissible since one important fact for the state to show was that the money was due.   Parker's evidence as to what Unsworth said about Enderlin and Rightmeyer would have been inadmissible but for the *prima facie* evidence of a conspiracy to which all were parties; under the circumstances it was admissible.

There was no error in charging that the jury might convict though no money was paid by Parker.   The point made is that the payment of the money was the only overt act within two years.   This is not the fact.   There was a certificate given in November, 1909.

The other errors assigned require no further remark.

The case of Enderlin differs from the others, and his counsel argue strenuously that the evidence was not enough to

justify his conviction.  There was evidence that King had told him that Parker would give him the money the other people had bargained for, that Enderlin said it was all right, that the witness (King) gave Parker a $50 bill and there was the evidence that Parker slipped the bill into Enderlin's hand in a clandestine manner.  His failure to sign the certificate and his repeated objections to the character of the work were not conclusive in his favor.  He may have held off for the express purpose of getting money.  The question was for the jury.

The judgment must be affirmed.

*For affirmance*—THE CHANCELLOR, SWAYZE, TRENCHARD, PARKER, MINTURN, VREDENBURGH, CONGDON, TERHUNE, HEPPENHEIMER, JJ.  9.

*For reversal*—None.