STATE, RESPONDENT, v. FISHER, APPELLANT.

(No. 6,086.)

(Submitted March 23, 1927. Decided April 6, 1927.)

[254 Pac. 872.]

*Criminal Law—Information—Amendment After Plea in Matter of Substance not Permissible.*

Criminal Law—Information—Amendment—When Permissible.
  1.  Under section 11804, Revised Codes of 1921, an information may be amended in matter of substance or form at any time before the defendant pleads, without leave of court, but after plea it may be amended as to form only when it can be done without prejudice to the rights of defendant, and as to substance not at all.

Same—Information—Amendment After Plea as to Matter of Substance Unauthorized.
  2.  Under the above rule, *held* that where defendant was charged by information with a misdemeanor (liquor violation) and some four months after plea of not guilty the county attorney was permitted, over objection, to amend the information by adding a charge of prior conviction thereby changing the grade of the offense from a misdemeanor to a felony—a matter of substance — the action of the court in allowing the amendment constituted error, the fact that defendant after amendment was rearraigned and pleaded over not changing the rule.

[1, 2]   Criminal Law, 17 C. J., sec. 3541, p. 202, n. 68; sec. 3751, p. 369, n. 6.   Indictment and Information, 31 C. J., sec. 424, p. 827, n. 96, 99; sec. 431, p. 829, n. 50 New, 52 New.

*Appeal from District Court, Park County; H. J. Miller, Judge.*

BELLE FISHER was convicted of an offense against the liquor law and she appeals from the judgment.   Reversed.

*Messrs. Gibson & Smith* and *Messrs. O'Connor & Miller,* for Appellant, submitted a brief; *Mr. Fred L. Gibson* argued the cause orally.

Citing: *State* v. *Duncan,* 40 Mont. 531, 107 Pac. 510; *State* v. *Sieff,* 54 Mont. 165, 168 Pac. 524; *State* v. *Potello,* 42 Utah,

1.  Amendment of informations, see note in 98 Am. St. Rep. 816. See, also, 14 R. C. L. 193.

396, 132 Pac. 14; *State* v. *Topham*, 41 Utah, 39, 123 Pac. 888; *State ex rel. Barnes* v. *District Court*, 36 Utah, 396, 104 Pac. 282.

*Mr. L. A. Foot*, Attorney General, and *Mr. S. R. Foot*, Assistant Attorney General, submitted a brief in behalf of the State; *Mr. I. W. Choate*, Assistant Attorney General, argued the cause orally.

The trial court did not commit prejudicial error by permitting the amendment of the information to show the previous conviction of the appellant. Section 11075, Revised Codes of 1921, as amended by Chapter 116, Laws of 1923, provides in part as follows: "It shall be the duty of the prosecuting officer to ascertain whether the defendant has been previously convicted, and to plead the prior conviction in the affidavit, information, or indictment." Under the above provision, it might well be that such previous conviction was not ascertained by the county attorney until after the defendant had entered a plea to the original information; if so, it immediately became the duty of the county attorney to amend the information, and not only the duty of the court to allow the amendment but to order the same to be so amended. (*Alsheimer* v. *State*, 165 Wis. 646, 163 N. W. 255.)

By amending the information so as to plead prior conviction the defendant was not required to meet a new issue. The proof of prior conviction is a matter of court record and so the proof that the defendant was prepared to make on the original information would be equally applicable to the charge as made by the amended information. "The test as to whether a defendant is prejudiced by the amendment of an indictment has been said to be whether a defense under the indictment as it originally stood would be equally available after the amendment is made, and whether any evidence defendant might have would be equally applicable to the indictment in the one form as in the other." (31 C. J., par. 431, p. 829.) Applying this test in the case at bar it is clear that the defendant was not prejudiced by the amendment in question.

MR. JUSTICE MYERS delivered the opinion of the court.

The defendant was charged, by an information filed in the district court, with a misdemeanor. The information, in three counts, charged sale of intoxicating liquor, possession of intoxicating liquor, maintenance of a common nuisance; all of the same date. The defendant was duly arraigned thereon and, May 8, 1926, she entered thereto a plea of not guilty.

September 20, 1926, in the same action, by leave of court, over objection and exception of defendant, an amended information was filed. The amended information, in three counts, charged the same offenses charged in the original information and, in addition, in each, charged a prior conviction. Thus, the amended information charged a felony.

The defendant, against her objection, was tried on the amended information and convicted on two counts thereof. Judgment was rendered and pronounced. By the judgment, defendant was sentenced to serve a term in state prison and to pay a fine. She appealed.

Numerous specifications of error are assigned. The first four relate to the action of the trial court in permitting the amended information to be filed, after the plea of defendant to the original information. They assert that thereby the information was amended in matter of substance, after entry of plea. We shall consider them together.

Section 8 of Article III of the Constitution of Montana provides that criminal actions shall be prosecuted by information or indictment. This court has held that that provision is not self-executing but that the details of procedure and the rights and pleadings of the state and the accused must be defined by the legislature. (*State* v. *Ah Jim,* 9 Mont. 167, 23 Pac. 76.)

We have a Criminal Code, defining crimes and regulating criminal procedure. Section 11841 thereof, Revised Codes of 1921, provides: "All the forms of pleadings in criminal actions and the rules by which the sufficiency of pleadings is to be determined are those prescribed by this code." Therefore, we are restricted to the provisions of our Criminal Code and the

interpretation we may put upon them in passing upon questions of criminal procedure.

Section 11804, Revised Codes of 1921, is the section that [1, 2] bears directly upon the question here at issue. It is as follows: "An information may be amended in matter of substance or form at any time before the defendant pleads, without leave of court. The information may be amended at any time thereafter, and on the trial, as to all matters of form, at the discretion of the court, where the same can be done without prejudice to the rights of the defendant. No amendment must cause any delay of the trial of the cause unless for good cause shown by affidavit."

Thus, it is seen, after plea, the information may be amended as to form, when it can be done without prejudice to the rights of the defendant. After plea and before trial, between plea and trial, there is no provision for amendment in matter of substance. Where there is no provision for it, it cannot be done lawfully. In this case, the information was amended after plea and before trial. The question to be determined, therefore, is: Is the amendment one of substance? That it is we think there can be no doubt.

If this is not a matter of substance, what could be a matter of substance? The offense originally charged was a misdemeanor, punishable by fine or imprisonment in a county jail. The offense charged after amendment is a felony, punishable perforce by imprisonment in state prison. It charged an entirely different character of crime. Crimes are divided into felonies and misdemeanors. The two are essentially different in grade and penalty. A felony and a misdemeanor are two distinct offenses. By the amendment, the defendant was charged with a different offense from that originally charged. If this amendment is not a matter of substance, then there is no substantial difference between a misdemeanor and a felony, which we know is not true.

In *State* v. *Duncan*, 40 Mont. 531, 107 Pac. 510, this court said: "If the information, as amended, charged an offense different from the one it charged before amendment was made,

then, confessedly, the amendment was as to a matter of substance and could not be made after plea.''

In *State* v. *Sieff*, 54 Mont. 165, 168 Pac. 524, in considering an amendment made to an information and deciding whether or not it was one of substance, this court said: ''The grade of the crime charged does not depend upon the appellation given it by the public prosecutor but upon the facts stated.'' There the amendment made was to the designation given the crime. Here the amendment is an amendment of the facts stated. Here a change was made in the grade of the crime charged; ergo, it was one of substance.

Black's Law Dictionary defines substance as ''essence; the material or essential part of a thing, as distinguished from form.'' If the thing charged in this amendment was material or essential to put the defendant in the state prison, it was substance; and it certainly was material and essential thereto.

''When an indictment is adjudged insufficient in substance, it is because it lacks something essential to make a legal charge of crime. Certain portions of an indictment are formal and some substantial. The statement or body of the indictment must set forth all the ingredients of the offense and charge the defendant directly, positively, with the commission of it. This is the substance of the charge, because essential to it.'' (*State* v. *Burgdoerfer*, 107 Mo. 1, 14 L. R. A. 846, 17 S. W. 646.)

*Lopez* v. *State*, 12 Tex. App. 27, holds that when an information fails to charge an offense an amendment which makes it charge one is substance; ergo, if an information fails to charge a felony, an amendment which makes it charge one must likewise be substance.

*State* v. *McCormack*, 22 Tex. 297, holds that the value of property stolen is substance, because it distinguishes between grand and petit larceny and affects the penalty. That is strictly analogous to the case at bar.

*Commonwealth* v. *Harrington*, 130 Mass. 35, holds that allegation of a prior conviction of a like offense is substance. That decision fits exactly the case at bar.

[79 Mont. 46.]

*State* v. *Unsworth,* 85 N. J. L. 237, 88 Atl. 1097, holds that an amendment which charges a crime different from that first charged is substance.

The cases holding that an amendment which charges a crime different in grade, character or penalty from that first charged is one of substance are almost innumerable and it is not necessary to cite more.

Kansas has a statute identical with ours and *State* v. *Bundy,* 71 Kan. 779, 81 Pac. 459, holds that an amendment in matter of substance was not permissible after plea, even though defendant was rearraigned and pleaded over, as in the case at bar.

Utah has a statute identical with ours and it is there held that an amendment in matter of substance may not be allowed after plea. (*State* v. *Topham,* 41 Utah, 39, 123 Pac. 888; *State* v. *District Court,* 36 Utah, 396, 104 Pac. 282.) In the case last named, the opinion, with our approval, says: "It is useless to discuss the question as to the purpose or utility of such a statute. The legislature must be understood to mean what it has plainly expressed. It is our duty to give the statute such effect and not to set it aside or evade its operation by forced and unreasonable construction. The enactment violates no constitutional provision or principle; and, if it has been improvidently passed, the responsibility is with the legislature and not with us." To which we add, to the same effect, we must take the law as we find it.

In opposition, counsel for the state cite only one case, *Alsheimer* v. *State,* 165 Wis. 646, 163 N. W. 255; but there is nothing in that case to show what was the statute of Wisconsin with relation to amendments. No amendment was even asked of the trial court. The appellate court, in its opinion, merely said the information might have been amended, upon application, but did not intimate at what stage an amendment would have been proper or permissible. The opinion affords us no light. The case has no application.

Counsel for the state refer us to 31 C. J. 829, and, in their brief, take therefrom an excerpt. It has no application under

our statute. We cannot put into the statute something which is not there.

While counsel for the state do not suggest or raise the point, we have considered sections 11853, 11870 and 12125, Revised Codes of 1921, and we do not consider they or any of them afford relief from the ruling, of which complaint is made, of the trial court, for we feel defendant was deprived of a substantial right.

We have found no authority for upholding the judgment in this case. We hold that the amendment in question was clearly one of substance and that, according to the statute governing, the trial court erred in allowing it. That being the case, it is not necessary to discuss other specifications of error assigned.

The judgment is reversed.

*Reversed.*

Mr. Chief Justice Callaway and Associate Justices Stark, Matthews and Galen concur.