THE STATE OF MONTANA, Plaintiff and Respondent, *v.* FRANK KNIGHT, Defendant and Appellant.

No. 10653

Submitted November 20, 1963. Decided December 2, 1963.

387 P.2d 22

John J. McCarthy, Butte, for appellant.

Robert J. Holland, David L. Holland, Mark P. Sullivan, Deputy County Atty., Butte, Forrest H. Anderson, Atty. Gen., Helena, for respondent.

MR. CHIEF JUSTICE JAMES T. HARRISON delivered the Opinion of the Court.

This is an appeal from a judgment of conviction entered

pursuant to a jury verdict in the district court of Silver Bow County.

From the record it appears that an information was filed on February 4, 1963, charging the defendant with the crime of robbery, alleged to have been committed on or about the 16th day of January, 1963. On February 7 the defendant appeared before the court and entered a plea of not guilty and counsel was appointed by the court to represent him. On April 5 the case was set for trial for April 15. On April 15 the case came on for trial and the State requested leave to file an amended information charging the defendant with the crime of robbery and a prior conviction of forgery. Defendant objected and the objection was overruled. Another motion followed to add additional witnesses to the information and without objection it was granted. The court then proceeded to impanel a jury and the trial proceeded. The jury found defendant guilty; a motion for new trial based upon the records, files and minutes of the court was made and denied and sentence pronounced.

Defendant's specifications of error may be grouped into these two categories:

(1) The court erred in permitting filing of the amended information on the opening day of the trial because the amendment was one of substance; and

(2) The court erred in giving and refusing to give certain offered instructions.

Turning to the first contention of the defendant that the amendment to the information was one of substance and not of form, section 94-6207, R.C.M.1947, provides:

*"Information may be amended.* An information may be amended in matter of substance or form at any time before the defendant pleads, without leave of court. The information may be amended at any time thereafter and on the trial as to all matters of form, at the discretion of the court, where the same can be done without prejudice to the rights of the

defendant. No amendment must cause any delay of the trial unless for good cause shown by affidavit."

This statute was previously before this court in the case of State v. Fisher, 79 Mont. 46, 49, 254 P. 872, 873, and the court stated:

"Thus it is seen, after plea, the information may be amended as to form, when it can be done without prejudice to the rights of the defendant. After plea and before trial, between plea and trial, there is no provision for amendment in matter of substance. Where there is no provision for it, it cannot be done lawfully. In this case the information was amended after plea and before trial. The question to be determined therefore, is: Is the amendment one of substance? That it is we think there can be no doubt."

In that case, the question was whether or not where the original information charged a misdemeanor and the effect of the amendment was to make the offense a felony, was the amendment a matter of substance? The court further stated:

"If this is not a matter of substance, what could be a matter of substance? The offense originally charged was a misdemeanor, punishable by fine or imprisonment in a county jail. The offense charged after amendment is a felony, punishable perforce by imprisonment in state prison. It charged an entirely different character of crime. Crimes are divided into felonies and misdemeanors. The two are essentially different in grade and penalty. A felony and a misdemeanor are two distinct offenses. By the amendment, the defendant was charged with a different offense from that originally charged. If this amendment is not a matter of substance, then there is no substantial difference between a misdemeanor and a felony, which we know is not true.

"In State v. Duncan, 40 Mont. 531, 107 P. 510, this court said: 'If the information, as amended, charged an offense different from the one it charged before the amendment was

made, then, confessedly, the amendment was as to a matter of substance and could not be made after plea.'

"In State v. Sieff, 54 Mont. 165, 168 P. 524, in considering an amendment made to an information, and deciding whether or not it was one of substance, this court said: 'The grade of the crime charged does not depend upon the appellation given it by the public prosecutor, but upon the facts stated.' There the amendment made was to the designation given the crime. Here the amendment is an amendment of the facts stated. Here a change was made in the grade of the crime charged; ergo, it was one of substance."

Further in the opinion the court stated:

"Commonwealth v. Harrington, 130 Mass. 35, holds that allegation of a prior conviction of a like offense is substance. That decision fits exactly the case at bar.

"State v. Unsworth, 85 N.J.Law, 237, 88 A. 1097, holds that an amendment which charges a crime different from that first charged is substance.

"The cases holding that an amendment which charges a crime different in grade, character, or penalty from that first charged is one of substance are almost innumerable, and it is not necessary to cite more."

In our view the amendment was clearly one of substance since it increased the minimum penalty, in that section 94-4303, R.C.M.1947, provides imprisonment for a term not less than one year, and section 94-4713, R.C.M.1947, provides that if the second offense is such that upon a first conviction the term of sentence would exceed five years, as in robbery since there is no maximum, the minimum term is then ten years.

The bill of exceptions in this cause indicates that following the filing of the amended information there was no plea made thereto by the defendant, the court immediately proceeding with the trial. Thereby defendant was offered no opportunity to either admit or deny the previous conviction. See section 94-7407, R.C.M.1947. The court was in error in

permitting the filing of the amended information and this cause must be reversed and a new trial ordered.

While it is doubtful that the same questions with regard to the instructions complained of here will arise upon such a new trial we will briefly comment thereon. As to defendant's proposed instruction 15 the proposed instruction does not appear in the record so we are unable to make any determination with respect to it. As to the giving of State's instruction 19 it properly states the law and was proper, and the same is true with respect to State's instruction 23. As to the refusal of the court to give defendant's proposed instructions A, B, and C, each and every one was fully covered by court's instructions 18, 21 and 11, and no error appears.

By reason of what has been said the judgment is reversed, and the cause remanded for a new trial.

MR. JUSTICES CASTLES, JOHN CONWAY HARRISON, DOYLE and ADAIR, concur.