Harold WHITELEY, Appellant
(Defendant below),

v.

The STATE of Wyoming, Appellee
(Plaintiff below).

No. 3461.

Supreme Court of Wyoming.

Sept. 15, 1966.

 

Dean W. Borthwick, Deputy Atty. Gen., and Lawrence E. Johnson, Asst. Atty. Gen., Cheyenne, for appellee.

Before PARKER, C. J., and HARNS-BERGER, GRAY, and McINTYRE, JJ.

Mr. Chief Justice PARKER delivered the opinion of the court.

Defendant was tried by a jury upon an amended information, charging the unlawful breaking and entering of a locked and sealed building in violation of § 6–130, W.S. 1957, and alleging, pursuant to the Habitual Criminal Act, §§ 6–9 to 6–11, W.S.1957, three prior convictions in this State of felonies. The jury found him guilty of breaking and entering and affirmatively answered special interrogatories concerning the three prior felony convictions. Defendant was then sentenced by the court for one to ten years on the breaking and entering charge and for life under the habitual criminal charge, the sentences to run concurrently. He appeals, arguing that his conviction cannot stand for four reasons:

1. The information was amended in a matter of substance without obtaining leave of court;

2. He was tried upon an amended information without being arraigned or afforded an opportunity to enter a plea;

3. The court abused its discretion in allowing a witness to testify against him in violation of an exclusionary ruling by the trial court; and

4. The court admitted into evidence certain items of property obtained by an unlawful search of defendant's automobile.

There is no disagreement concerning the salient facts, which are recited by the defendant substantially as follows: On November 23, 1964, certain business establishments in Saratoga were broken into, including the Rustic Bar and Shively's Hardware, the offenses being investigated by the Carbon County Sheriff, who, acting on a tip, the next day signed a complaint charging defendant and another with breaking and entering the building identified as the Rustic Bar. This complaint was made

Richard V. Thomas, Cheyenne, for appellant.

before a justice of the peace at approximately 11:30 a. m. on the 24th, and a warrant issued.[1] After the investigation, the sheriff put out a state item on the radio to pick up two suspects of the breaking and entering, defendant and another. The message went to the network at Casper and was transmitted over the State, received by the Albany County Sheriff's Office and communicated to the Laramie Police Department, the message giving names and descriptions of the two persons and advising the type of car probably being driven and amount of money taken, including certain old coins with the dates.[2] Late at night on November 24, a Laramie patrolman, in reliance on the information in the radio item, arrested the defendant and his companion. At the time, the patrolman had no warrant for defendant's arrest nor search warrant. The officer together with a deputy sheriff, who had come up in the meantime, searched the car and removed a number of items introduced in evidence, including tools and old coins, identified at the trial as taken from Shively's Hardware. On the next morning, defendant was taken to Rawlins and a new complaint and warrant were issued for the breaking and entering of the hardware store and defendant was bound over and later tried.

The first two points of claimed error should be considered together. It is true that there is no notation upon the amended information nor no separate statement of the judge's reciting the arraignment of defendant. However, the judgment and sentence does specifically recite this in the following words, "said Defendant having heretofore been duly arraigned and having been informed by the Court of his constitutional rights and said defendant having entered a plea of not guilty to the crimes herein charged, to-wit: Break-

ing into a Locked or Sealed Building and to three separate counts of previous convictions under the habitual criminal act of the State of Wyoming." Such recitation in the judgment must be accepted as true, and cannot be attacked peripherally, by insinuation or by any claimed omission of matters concerning the arraignment. The presumption is that a judicial record speaks the truth. State v. Holm, 67 Wyo. 360, 224 P.2d 500, 512. This court made some extensive analysis of such principle in the Holm case, applying this rule to stenographic notes, and of course, it would apply even more positively to the statement of the court in the judgment. We hold, therefore, that the record shows defendant to have been arraigned on the amended information, and accordingly, there exists no error in that aspect of the case. Neither do we find that there was any error because of the contention that the information was amended in a matter of substance without obtaining leave of court. The case of State v. Knight, 143 Mont. 27, 387 P.2d 22, cited by defendant, is not helpful because there following the amended information there was no plea made by defendant and the court proceeded immediately to trial, while here the amended information was made several months before the trial and the defendant, according to the records of the court, was arraigned on the amended information and thereafter proceeded to trial, while represented by counsel, without raising any question concerning the propriety of the amended information. In so doing, he waived any right to attack the amendment. State v. Mares, 61 N.M. 46, 294 P.2d 284, 286; White v. People, 79 Colo. 261, 245 P. 349, 351; 42 C.J.S. Indictments and Informations § 310.

As to the asserted violation of the exclusionary ruling, the circumstances accord-

---

1. Defendant makes some point of the fact that the certificate on the back of the warrant was signed by the Carbon County Deputy Sheriff as having not been received until 4 p. m. on the 24th, but delay between the issuance and the receipt by the deputy sheriff is deemed immaterial.

2. There were two versions of the item, which were similar, except that one stated, "Warrant issued [sic], will extradite. Special attention Denver."

ing to defendant were these: At 9:30 a. m., May 20, 1965, the defendant took the stand and testified with respect to his defense of an alibi, and among other things, that on November 23, 1964, he left Rawlins to return to Cheyenne at 6 p. m., 7 p. m., or 7:30 p. m. The State then called Leonard Russell Marion and Whiteley objected to the witness's testifying on the ground that the motion to exclude had been granted and Marion had been present that day during the trial. The county attorney explained that he had not known he would need Marion as a witness until after Whiteley had testified, and upon this explanation, defendant's objection was overruled and Marion testified that he had seen the defendant in Rawlins between 8 p. m. and 8:30 p. m. on November 23, 1964.

█ This court has had occasion to discuss situations of this sort at various times, and our pronouncements on the subject, clear and unambiguous, were well summarized in Pixley v. State, Wyo., 406 P.2d 662, 668:

> "In any event, the matter of exclusion of witnesses is largely a matter resting in the sound discretion of the court, and only a grave abuse of that discretion should be noticed. In Haines v. Territory, 3 Wyo. 167, 177, 13 P. 8, 14, it is stated, 'The matter of exclusion of any and all witnesses [including the prosecuting witness] from the court-room during the progress of the trial is wholly in the discretion of the court, and will not be reviewed, except for gross abuse.' The holding in Martinez v. State, 80 Wyo. 325, 333, 342 P.2d 227, 229, is quite similar. * * *"

Nothing in the present case shows an abuse of discretion by the trial judge in allowing the witness to testify, and certainly there was nothing to indicate that there was any constructive fraud perpetrated upon the court by the actions of the county attorney.

Defendant points out that no consent was given by defendant to a search of his car and that the officers who made the arrest did not have a warrant for his arrest or a search warrant and that no search warrant had been issued. He argues (1) that the information upon which the arrest was made was not sufficient to uphold the arrest in this instance as a lawful one; and (2) that even assuming there was probable cause for the arrest the usual reasons for justifying an incidental search under such circumstances were not present, i. e. (a) the arrested person is armed or might attempt to escape; (b) the arrested person might destroy evidence which is the fruit or implement of the crime for which he has been arrested; and (c) the protection of the arresting officer; citing Brinegar v. State, 97 Okl.Cr. 299, 262 P.2d 464; People v. Thomas, 31 Ill.2d 212, 201 N.E.2d 413; People v. Mickelson, 59 Cal.2d 448, 30 Cal. Rptr. 18, 380 P.2d 658; Preston v. United States, 376 U.S. 364, 84 S.Ct. 881, 11 L.Ed. 777.

█ We find no merit in defendant's first contention. It has long been settled in this jurisdiction that "a peace officer may arrest, without a warrant, one whom he has reasonable or probable grounds to suspect of having committed the felony." State v. George, 32 Wyo. 223, 231 P. 683, 690. In this instance, the officer in the regular course of his employment as a police officer was advised by the usual dissemination from his superiors, which in turn came by broadcast radio, based upon the issuance of a warrant, that two burglars were sought. He knew defendant's companion. He had a description of the vehicle being driven. If he had not proceeded with the arrest he would have been in violation of his duty. It must be held that the arrest was reasonable and proper.

█ As to the second aspect of the argument, the cases which defendant cites to substantiate his enumeration of "usual reasons for justifying an incidental search" are so dissimilar to the present situation that they are of little assistance in resolving the point. Of course, in the past it has been made clear that courts will not sanc-

tion a "pretended" arrest where a police officer being suspicious of some particular individual observes him until a time when he can be arrested on some traffic violation and then under the hoped-for protection of the arrest searches in an attempt to find something incriminating, which will lead to a charge having nothing to do with the original arrest. For example, in the Brinegar case, the prosecution was for a crime disclosed by a search following arrest for a minor traffic violation. Again, the Thomas case dealt with a conviction for unlawful possession of narcotic drugs and there also the search grew out of an arrest for a minor traffic violation. The other two cited cases dealt with different circumstances but still are unlike those relating to defendant Whiteley. In People v. Mickelson, supra, the court held there was no probable cause for arrest; and in the Preston case the search of the vehicle was held to be too remote in time or place to be treated as incidental to the arrest for vagrancy (the search being made of the car after it was towed to a garage).

In this jurisdiction, the law is well settled that an officer has the right to search the party arrested and take from his person and from his possession property reasonably believed to be connected with the crime, and the fruits, means, or evidences thereof. Wiggin v. State, 28 Wyo. 480, 206 P. 373, 376; State v. George, supra, 231 P. at 689. It has likewise long been settled, Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543, 39 A.L. R. 790, that an officer has the right to search a motor vehicle if he has reasonable cause to believe it contains contraband, and that the validity of a search without a warrant as an incident to an arrest turns upon reasonableness under all the circumstances and not upon practicality of procuring a search warrant. United States v. Rabinowitz, 339 U.S. 56, 70 S.Ct. 430, 94 L.Ed. 653. The search of defendant's car was justified under either of these principles.

We find no reversible error, and the judgment is affirmed.

Affirmed.