ROBERT GRANSBERRY, Petitioner, *v*. THE STATE OF MONTANA and EDWARD ELLSWORTH, JR., Warden of the State Penitentiary of the State of Montana, Respondents.

No. 11270.
Submitted January 6, 1967.  Decided February 21, 1967.
423 P.2d 853

William F. Crowley (argued), Missoula, for petitioner.

Forrest H. Anderson, Atty. Gen., James R. Beck, Asst. Atty. Gen. (argued), Helena, Gene B. Daly, County Atty., Great Falls, for respondents.

PER CURIAM:

This is an application for post conviction remedy brought by an inmate of the state prison by aid and assistance of counsel for the Montana Defender Project. Following an ex parte hearing an alternative order to show cause was issued by this court on December 20, 1966. An answer and return was filed by the Attorney General and the County Attorney of Cascade County on behalf of respondents. The matter was argued before this court on January 6, 1967.

On November 16, 1960, an information numbered 4986 was filed in the District Court of the Eighth Judicial District, Cascade County, charging Robert Gransberry with the crime of taking and using an automobile without the consent of the owner. The information charged that on or about the 15th day of November, 1960, he did: "* * * commit the crime of taking and using an automobile without the consent of the owner * * *."

The defendant was arrested and brought before the District Court, the Honorable R. J. Nelson, judge presiding, on November 21, 1960, for arraignment. The arraignment was continued to November 23, 1960, when the court appointed attorney Robert Merrill to represent Gransberry.

On November 30, 1960, the defendant was again brought before the court for continuation of the arraignment and pleaded "Not Guilty" to the charge. Trial was set for December 21, 1960.

On December 2, 1960, a motion was made and permission of the court was granted for the filing of another information, this one charging Gransberry with the crime of grand larceny together with prior convictions of five enumerated felonies. The charging part of the information alleged that Gransberry, on or about the 15th day of November, 1960, did:

"* * * commit the crime of grand larceny, in that the said Robert Gransberry, then and there being, then and there did, wilfully, wrongfully, unlawfully, and feloniously take, steal, and carry away a 1954 Ford 2-door, bearing 1959 license No. 2-7666, of the value of more than Fifty and no/100 Dollars ($50.00), then and there the property of Gordon M. Helleshein, of Belt, Montana, with the intent then and there in him, the said Robert Gransberry, to deprive the true owner of the said property, and to appropriate the same to his own use."

This information was filed December 5, 1960, the following Monday. The court records indicate that the motion requesting permission to file was made and permission was granted ex parte with neither the defendant nor his counsel present. On December 5, 1960, Gransberry was arraigned on the new information, No. 4992, and, on motion of his counsel, the first information, No. 4986, was dismissed. On December 7, 1960, Gransberry pleaded "Not Guilty" to the charge of grand larceny and "Not True" to the five prior convictions alleged in information No. 4992. His trial was set for the same date originally set for trial on the charge of taking and using, No. 4986. This setting was vacated when the Honorable R. J. Nelson was disqualified and the case continued to the January term. Gransberry was tried on February 27 and 28, 1961, after changing his plea to the allegations of prior convictions to "True." He was found guilty and sentenced to 25 years in the state prison.

The petitioner, Robert Gransberry, contends that the filing of the second information, No. 4992, was in truth and fact an amendment in a matter of substance of the first information,

No. 4986, and, as such, a violation of his rights under section 94-6207, R.C.M.1947, which provides:

*"Information may be amended.* An information may be amended in matter of substance or form at any time before the defendant pleads, without leave of court. The information may be amended at any time thereafter and on the trial as to all matters of form, at the discretion of the court, where the same can be done without prejudice to the rights of the defendant. No amendment must cause any delay of the trial unless for good cause shown by affidavit."

It is contended that although the second information was not entitled as an amended information and was assigned a different number by the clerk of court, it was filed in the same way, served the same office, and had the effect of amending the statement of the offense then pending before the court. It alleged the same taking of the same automobile belonging to the same owner on the same day in Great Falls, Cascade County, Montana. It was filed while the first information was still pending, and no attempt was made by the state to dismiss the first information. The second information was assigned the same trial date previously assigned to the first.

Now then, the state argues that the filing of the second information was not an amendment of the first information; that the treatment and effect was that a new and completely different information was had.

Under section 94-6207, R.C.M.1947, it does not make a significant difference if the second information be (a) an amendment in the matter of substance or (b) an entirely new information. After a plea to the information, § 94-6207 prohibits any amendment in the information as to substance. However, § 94-6207 does not prohibit dismissal of the information and a filing of a new information.

We need not determine whether the information No. 4992 was a new information and not an amendment. Information No. 4992 changed the grade of the offense (from taking and

using an automobile without the consent of the owner to grand larceny) and the maximum penalty (from five years in the state prison to a possible life term). Section 94-3305, R.C.M. 1947, is a unique statute in that the nature of the crime, whether it is felony or misdemeanor, is not determined until the sentence is imposed. However, section 94-2704, R.C.M.1947, is a felony.

In State v. Fisher, 79 Mont. 46, 49, 51, 254 P. 872, 873, 874, a situation very similar to this case was before this court. There an information alleging violation of the state liquor laws had originally charged a misdemeanor. It was amended after defendant's plea of "Not Guilty" to include allegations of a prior conviction which changed the offense to a felony. We stated: "The offense charged after amendment is a felony, punishable perforce by imprisonment in state prison. It charged an entirely different character of crime. Crimes are divided into felonies and misdemeanors. The two are essentially different in grade and penalty. A felony and a misdemeanor are two distinct offenses. By the amendment, the defendant was charged with a different offense from that originally charged. If this amendment is not a matter of substance, then there is no substantial difference between a misdemeanor and a felony, which we know is not true."

＊　＊　＊　＊　＊　＊　＊　＊　＊　＊

"The cases holding that an amendment which charges a crime different in grade, character, or penalty from that first charged is one of substance are almost innumerable ＊ ＊ ＊."

The case of State v. Knight, 143 Mont 27, 30, 387 P.2d 22, 23, involved the amendment of an information after plea to include allegations of prior conviction. This court commented as follows: "In our view the amendment was clearly one of substance since it increased the minimum penalty, in that section 94-4303, R.C.M.1947, provides imprisonment for a term not less than one year, and section 94-4713, R.C.M.1947, provides that if the second offense is such that upon a first conviction the

term of sentence would exceed five years, as in robbery since there is no maximum, the minimum term is then ten years."

Thus, under the holdings in the Fisher and Knight cases, supra, the filing of information No. 4992 might have been an amendment of information No. 4986; but in view of our holding hereafter we shall assume that it was an amendment.

We wish to make it clear that what we have just stated does not prevent the county attorney from availing himself of section 94-9505, R.C.M.1947, by having the first information dismissed and then filing a second information.

The state further contends that "petitioner has waived any right he may have had to object to the so-called amendment." The state points out "that the petitioner did not move to dismiss the second information nor did he demur to it, but rather he entered a plea and moved to dismiss the first information. There was no objection entered to the information at the trial, nor did the petitioner raise this question in his appeal to the Montana Supreme Court. State v. Gransberry, 140 Mont. 70, 367 P.2d 766."

The state's contention concerning waiver is sound. In Treat v. District Court, 122 Mont. 249, 200 P.2d 248, we held that the prohibitions of section 94-6207 may be waived by an affirmative action in open court. At all stages of the proceedings in the district court, the petitioner was represented by counsel. In fact, as pointed out by the state, it was petitioner's own counsel who moved to dismiss the first information. Petitioner's counsel was well aware of the possible objection he could have made to the second information. He made no such objection.

Finally, we note that petitioner has made no allegation of incompetency of counsel who was appointed to represent him.

Petitioner has made reference to the case of State ex rel. Biebinger v. Ellsworth, 147 Mont. 512, 415 P.2d 728. However, there is a fundamental distinction between this case and the Biebinger case, supra, and that is the fact that

164

Biebinger was without counsel in his proceedings before the district court. Biebinger had no one to advise him of his rights. Petitioner, on the other hand, had the advice of court appointed counsel.

We come to the final point that must be discussed in this case. Before seeking relief in this court, petitioner sought relief from the district court of the Eighth Judicial District of the State of Montana, Cascade County—the district court in which he had been tried, convicted, and sentenced. The district judge, the Honorable Truman G. Bradford, entertained the petition and had a full hearing on it. He entered a judgment which made three rulings:

(1) He ruled that the petitioner was correct in his assertion that the second information was merely an amendment of the first and that the amendment was prohibited by section 94-6207, R.C.M.1947.

(2) He held that the petitioner had waived his right to object to the second information.

(3) He ruled that the district court of the Eighth Judicial District did not have jurisdiction to entertain the petition for writ of habeas corpus since petitioner was not being held in the, Eighth Judicial District as required by Article VIII, Section 11 of the Constitution of the State of Montana.

We have discussed the first two rulings which the district court made and have either assumed or found them to be correct. It is the third ruling of the district court which we believe is in error.

Article VIII, Section 11 of the Constitution of the State of Montana provides for the district court's jurisdiction and reads in part: "* * * Said courts and the judges thereof shall have power also to issue, hear and determine writs of mandamus, quo warranto, certiorari, prohibition, injunction and other original and remedial writs, and also all writs of habeas corpus on petition by, or on behalf of, any person held in actual custody in their respective districts. * * *"

Thus, the district court has the power to issue "other original and remedial writs." In the instant case the petition sought a writ of habeas corpus or other appropriate post conviction remedy. But the fact remains that the petition in essence sought to remedy what petitioner considered to be an error that had been committed by the district court of the Eighth Judicial District.

For several years now, this court has been receiving petitions from inmates of the state prison concerning alleged errors that occurred during the legal proceedings which eventually lead to their incarceration at the state prison. We have referred many of these petitions directly to the district court in which the legal proceedings took place. See for instance Petition of Darby, 146 Mont. 142, 404 P.2d 884; Petition of Gregg, 146 Mont. 551, 405 P.2d 218; Petition of Jones, 146 Mont. 547, 405 P.2d 771; and Petition of Tooker, 146 Mont. 35, 403 P.2d 204.

Many of these petitions cannot be properly considered without reference to the district courts since they contain issues of fact that can be best determined at the trial court level.

The district court has the jurisdiction, under Article VIII, Section 11, Constitution of the State of Montana, to consider petitions from the inmates of the state prison, seeking post conviction relief if the inmate was sent to prison from the judicial district in which he is seeking such post conviction relief.

Since we have found that petitioner waived his right to object to the second information, we deny the application for post conviction relief.