454.

## Petition of JAMES EDWARD GIBSON.

No. 11709.
Decided Aug. 6, 1969.
457 P.2d 767

James Edward Gibson, pro se.

**MEMO OPINION**

PER CURIAM.

James Edward Gibson, an inmate of the Montana state prison, appearing pro se, filed a petition for writ of habeas corpus with this Court on July 24, 1969.

Petitioner sets out five reasons for the writ. They are:

1. That petitioner has not been committed to the state prison under any process issued upon a valid final judgment of a court of competent jurisdiction.

2. That the conviction is void because the information failed to state facts sufficient to charge a crime.

3. That the statutory provision for the crime of receiving stolen property is unconstitutional because it denies the equal protection of the law by providing different degrees of punishment for different persons for the same act.

4. That the statutory provision for the crime of receiving stolen property is unconstitutional in that it is so indefinite, vague, and uncertain in its terms that men of common intelligence must necessarily guess at their meaning and may differ as to their application thereby denying due process of law.

5. That the statutory provision for the crime of receiving stolen property is an unconstitutional delegation of legislative power in that the prosecuting attorney has the discretion to charge persons with such crime either as a misdemeanor or as a felony.

Petitioner was charged, by information, with the crime of receiving stolen property under section 94-2721, R.C.M.1947, on December 4, 1967. Petitioner plead guilty to the charge because, in his own words, "* * * he was aware that, as a matter of practice in this state it was usually punished as for a misdemeanor and he was under the impression that it was a much less serious offense than it turned out to be." On December 11, 1967, he was sentenced to 5 years at hard labor in the state prison. Now, 1½ years later, petitioner asks this Court for a writ of habeas corpus for the reasons set out above.

456

The information, to which petitioner plead guilty, read in part:

"That James E. Gibson * * * on or about the 8th day of November, A.D., 1967, at the County of Dawson, State of Montana, committed the crime of felony committed as follows: James E. Gibson committed the crime of receiving stolen property, in that the said James E. Gibson, then and there being, then and there did, wilfully, wrongfully, unlawfully, and feloniously and for his own gain, and to prevent the owner from again possessing his own property, receive from person or persons unkown, a 300 Savage rifle * * * then and there the property of Edward W. Zieman * * * said property above described then and there being stolen property, and the said James E. Gibson, then and there knowing the same to have been stolen property * * *."

The judgment pronounced against petitioner was signed by District Judge L. C. Gulbrandson of Dawson County.

Section 94-2721, R.C.M.1947, provides in part:

"Every person who for his own gain or to prevent the owner from again possessing his own property buys or receives any personal property, knowing the same to have been stolen, is punishable by imprisonment in the state prison not exceeding five (5) years or in a county jail not exceeding six (6) months; * * *

"The jurisdiction of a criminal action for receiving stolen property is in any county wherein said property was received or into or through which such stolen property has been brought."

Section 94-114, R.C.M.1947, provides:

"A felony is a crime which is punishable with death or by imprisonment in the state prison. Every other crime is a misdemeanor. When a crime, punishable by imprisonment in the state prison, is also punishable by fine or imprisonment in a county jail, *in the discretion of the court or jury*, it is a mis-

demeanor for all purposes *after* a judgment imposing a punishment other than imprisonment in the state prison.'' (Emphasis supplied.)

All of petitioner's contentions are interrelated since the conviction naturally hinges upon the constitutionality of the statute under which he was convicted. However, we shall first deal with contentions 1 and 2. Section 93-1301-7(15) and (16), provides there is a disputable presumption: ''That official duty has been regularly performed.'' and ''That a court or judge, acting as such, whether in this state or any other state or country, was acting in the lawful exercise of his jurisdiction.'' Petitioner attached a copy of the judgment to his petition as an exhibit and upon its face it complies exactly with section 95-2301, R.C.M.1947 (and its predecessor section 94-8004), which provides:

''Upon rendition of judgment after pronouncement of a sentence imposing punishment of imprisonment or death the court shall commit the defendant to the custody of the sheriff who shall deliver the defendant to the place of his confinement or execution.''

This Court will indulge in the presumptions noted above, which petitoner has failed to dispute, and find that the petitioner was committed to the state prison under process issued upon a final judgment of a court of competent jurisdiction.

Petitioner's contention 2 can be dismissed summarily since the information, a copy of which was attached as an exhibit to the petition, charging him with the crime of receiving stolen property was stated in terms of the substantive statute, section 94-2721, R.C.M.1947, which is completely in line with section 95-1503, R.C.M.1947 (and its predecessor statute section 94-6403). See State v. Hahn, 105 Mont. 270, 72 P.2d 459.

Petitioner's primary contention is that sections 94-2721 and 94-114, R.C.M.1947, are unconstitutional. His basic authority for this premise is an Oregon decision, State v. Pirkey, 203 Or. 697, 281 P.2d 698, and a Washington decision, Olsen v.

458

Delmore, 48 Wash.2d 545, 295 P.2d 324. The Pirkey case can be very easily distinguished since the statute there, held to be unconstitutional, delegated the authority to the magistrate or the grand jury to determine in advance whether to charge a defendant with a felony or misdemeanor. So too, in the Olsen case the court found the statute delegated the authority to prosecuting officials the discretion to charge as for either a gross misdemeanor or a felony. This is not the situation in Montana. The statutes, as set out above and specifically section 94-114, have been construed by this Court quite extensively. In State v. Atlas, 75 Mont. 547, at p. 552, 244 P. 477, at p. 479, we stated:

"This distinction is clear; felonies and misdemeanors are distinct grades of crimes, and their boundaries must be defined by law; the line of demarcation is fixed by the nature of the punishment which may be imposed on conviction, and 'it is not the actual sentence but the possible one that determines the grade of the offense.'"

And further at pp. 552, 553, 244 P. at p. 479, we said:

"The determination as to whether a given offense shall be defined as a felony or as a misdemeanor rests with the Legislature, and, on such declaration, that body has the right, after declaring a certain offense to be a felony, or after fixing punishment which brands the offense as that grade of crime, to provide alternate punishments of such nature as apply ordinarily to misdemeanors, *to be imposed in the discretion of the court;* but this discretion to mitigate the punishment, *after conviction,* does not alter the nature of the crime of which the defendant has been duly convicted." (Emphasis supplied.)

Thus, the Montana statute provides that a person must be charged with a felony under section 94-2721, R.C.M.1947, and it is within the sound discretion of the court, after conviction, to determine the punishment.

From the foregoing it is quite obvious that these statutory provisions are not unconstitutional by denying equal protection

of the law, or due process of law, or for any improper delegation of legislative power.

The petitioner has failed to show any good cause for a writ to issue, therefore the petition is denied and the proceeding is dismissed.