No. 12586

IN THE SUPREME COURT OF THE STATE OF MONTANA

1974

---

STATE OF MONTANA,

Plaintiff and Respondent,

-vs-

CY TRITZ,

Defendant and Appellant.

---

Appeal from:  District Court of the Thirteenth Judicial District,
Honorable C. B. Sande, Judge presiding.

Counsel of Record:

For Appellant:

Towe, Neely and Ball, Billings, Montana
Gerald J. Neely argued, Billings, Montana

For Respondent:

Hon. Robert L. Woodahl, Attorney General, Helena, Montana
Thomas J. Beers, Assistant Attorney General, argued, Helena, Montana
Harold F. Hanser, County Attorney, Billings, Montana
Clifford E. Schleusner, Deputy County Attorney, argued, Billings, Montana

---

Submitted:  March 22, 1974

Decided:  MAY 2 4 1974

Filed: MAY 2 4 1974

_Thomas J. Kearney_
                              Clerk

Mr. Justice Wesley Castles delivered the Opinion of the Court.

This is an appeal by the defendant, Cy Tritz, from a judgment of the district court of Yellowstone County, the Honorable C. B. Sande, presiding. The judgment was entered upon a jury verdict finding Tritz guilty of the receipt of stolen property, namely a snowmobile. Tritz appeals.

On the evening of October 4, 1971, the Yellowstone County sheriff's office received a report from an informant that Tritz was in possession of stolen property, including two snowmobiles, and that the property was in a garage rented by Tritz. This information was passed on to other officers at a briefing the next morning. About 10:00 a.m. the same morning, Deputy Frank, acting on the information, went to the business premises of Ted Andrus Explosives and talked to one Anderson who was a partner in the business. As a part of another business operation Andrus leased garage space to individuals. The garage building fronted onto a cyclone fenced storage lot, and the building housing Ted Andrus Explosives also adjoined the lot. Deputy Frank asked Anderson if he could look at the garage. Anderson consented, got a key, and the two men inspected the garage for ten to fifteen minutes. Deputy Frank then obtained a search warrant; however the two snowmobiles were not listed on the warrant. Shortly thereafter, Tritz was arrested.

The snowmobiles were not in the garage but were parked outside on the lot mounted on a tow trailer. The exact location is not clear from the record, but we think this is unimportant for reasons pointed out later in this opinion.

On October 20, 1971, Tritz was charged with one count of receipt of stolen property. The property in question was one of the two snowmobiles. A motion to suppress evidence was made, a hearing had, and the motion was granted as to all the seized

- 2 -

evidence except for the snowmobile, which was expressly held admissible. Then, in early February, 1972, the prosecution moved to dismiss the case and asked the district court for leave to file a new information and affidavit in support, charging Tritz with one count of grand larceny and one count of receipt of stolen property. The property involved was the same snowmobile. The motion was contested, but leave to file was granted. Thereafter trial was had, the jury being instructed that they could find Tritz guilty on one count or the other, but not both. The jury returned a verdict of innocent on the grand larceny count and guilty on the receipt of stolen property count.

Tritz raises several issues for our review.

First, he complains that the granting of leave to file a new information without a preliminary examination was error. More precisely he says that there was no probable cause to support the grand larceny count and that a preliminary hearing would have so disclosed; hence failure to deny the motion for leave to file the new information was error. He does not question the receiving stolen property count.

We last considered a challenge to the sufficiency of an application to file an information in State v. Dunn, 155 Mont. 319, 472 P.2d 288. It was there made clear that a defendant does not have a vested right to a preliminary hearing. What is required is that the prosecution show, to some judicial officer, probable cause that a felony has been committed by the defendant. Thus, if the prosecution showed probable cause that this defendant committed the theft of a snowmobile, the contention must fail.

Examining the affidavit in support of the motion for leave to file an information we find: that the sheriff of Yellowstone County had a report of a stolen snowmobile; that a deputy had

observed a snowmobile matching that description in a fenced yard behind the business establishment known as Ted Andrus Explosives; that the snowmobile had all identification tags removed from it except for a serial number found on the rubber track of the machine; that the snowmobile was parked on a trailer registered to Tritz; that the manager of Ted Andrus Explosives had advised the deputies that Tritz was renting storage space from Ted Andrus Explosives and that Tritz had stored the snowmobile in the yard.

Bearing in mind that the purpose of either a preliminary hearing or an application for leave to file an information is not to establish guilt or innocence, but to establish probable cause, we think that the affidavit meets the test. We hold that the district court did not err in granting leave to file a new information.

Second, Tritz says that with respect to the grand larceny count, the information was not filed within the time limit prescribed by section 95-1302, R.C.M. 1947. This section requires the county attorney to file an information within thirty days after leave to file is granted, charging the defendant:

> " * * * with the offense for which he is held to answer, or any other offense disclosed by the evidence."

The theory is that the original information and affidavit charging only one offense--receiving stolen property--is essentially the same as the second information and affidavit charging both offenses. Since the affidavits are the same in both cases, Tritz reasons that the grand larceny count should be striken because not filed within 30 days after leave to file the original information was granted.

A similar attack on an information was made in Gransberry v. State, 149 Mont. 158, 423 P.2d 853. In that case the original

information charged the taking of an automobile without the consent of the owner. Later a new information was filed charging grand larceny. The defendant charged that the second information was in fact an amendment of the first, in violation of the then applicable statute, section 94-6207, R.C.M. 1947, now section 95-1505, R.C.M. 1947, which prohibited amendment of the charge in matters of substance after the defendant had pleaded. We decided the case on other grounds, but indicated that defendant's contention considered alone was meritorious. However, we also noted that there was a procedure available to avoid the problem. That method was to avail itself of section 94-9505, R.C.M. 1947, now section 95-1703, R.C.M. 1947, by having the first information dismissed and then filing a new one. Since that is in fact what the State did in this case, we hold that the contention is without merit.

Third, Tritz then maintains that leave to file the new information should not have been granted because of misjoinder of the offenses of grand larceny and receiving stolen property. He says that the prosecution should have been required to elect between the offenses.

Section 95-1504(a), R.C.M. 1947, reads in part:

"An indictment, information, complaint or accusation may charge two (2) or more different offenses connected together in their commission, or different statements of the same offense or two (2) or more different offenses of the same class of crimes or offenses, under separate counts. (Emphasis added.)

Grand larceny and receipt of stolen property are in the "same class of crimes". They are to be found in the same chapter of the Revised Codes of Montana. They are both felonies. They are both concerned with actions which separate the property owner from his property. We hold that the State was well within the terms of the statute in filing alternative charges.

It is true, as Tritz points out, that one cannot be convicted of grand larceny and receipt of stolen property, since one is by definition, incapable of receiving from himself what presumably he is in possession of. However, it is clear from the record that the State sought a conviction only upon one of the counts and not on both. In opening argument the prosecution stated:

> " * * * It is not our intention that the defend-
> ant, we are not trying to convict him of both
> of these; it is our contention that he is guilty
> of one or the other * * *."

In addition, the jury was instructed that they could return a verdict of guilty on only one count or the other but not on both. This jury instruction was required in order to prevent the possibility of the jury returning a verdict of guilty on both counts. Milanovich v. U.S., 365 U.S. 551, 81 S.Ct. 728, 5 L Ed 2d 773.

Appellant argues that State v. Webber, 112 Mont. 284, 116 P.2d 679, and State v. Watkins, 156 Mont. 456, 481 P.2d 689, support his contentions. In State v. Lane, 161 Mont. 369, 506 P.2d 446, this Court affirmed a judgment of conviction of receiving stolen property where the information had charged alternatively burglary and/or receiving stolen property. The specific issue raised here was not raised in the Lane case. However section 95-1504(a), R.C.M. 1947, was referred to.

In Webber this Court held that it is optional to prosecute for either larceny or receiving stolen property where the evidence shows the defendant guilty of both crimes. In Watkins this principle was reaffirmed. In neither case were there counts of both larceny and receiving stolen property. Both Webber and Watkins are consistent with our holding here.

Fourth, turning from his attack on the information, Tritz alleges the unconstitutionality of section 94-2721, R.C.M. 1947. His theory is that the statute gives the prosecution the authority and discretion to charge a defendant with either a felony or a

- 6 -

misdemeanor under the same set of facts, thereby denying equal protection of the law.

The contention is without merit. We have ruled on this issue in Petition of Gibson, 153 Mont. 454, 457 P.2d 767, denial of habeas corpus aff'd 443 F.2d 75 (9th Cir., 1971). It was there held that a defendant must be charged with a felony under section 94-2721, R.C.M. 1947. Thus, Tritz's basic premise, that of prosecutorial discretion, is not present and contention fails.

Fifth, Tritz alleges that the seizure of the two snowmobiles was made in a constitutionally objectionable manner, that is they were seized without a warrant, and not incident to a valid arrest.

A reiteration of some of the factual situation will be helpful. Tritz's lease covered a storage area consisting of "Approximately 600 sq. ft., more or less (the garage), and parking area directly in front of these quarters * * *." The garage building also housed other leased areas, and the whole building fronted onto a cyclone fenced lot. Ted Andrus Explosives was also adjacent to the lot, and was, with the exception of the parking areas, in control of the lot. The exact location of the snowmobiles is uncertain from the record. At the suppression hearing Anderson testified that the snowmobiles were parked thirty feet in front of the garage on the lot. At the trial, Deputy Hansen testified they were twenty to twenty-five feet away while Deputy Dabner testified they were fifty to seventy-five feet away. Tritz's testimony at trial on this point was:

> "Q. Did you look at one or both of the snowmobiles when they were parked near your garage at any time?
> A. They weren't parked like you are trying to say, near my garage, they were out, I would say, seventy-five or eighty feet on the lot, and as to my looking at them, I did not own them or have anything to do with them, so I had no further concern with them, and I don't ride them, I am busy with horses."

- 7 -

Section 95-1806(f), R.C.M. 1947, puts the burden of proof on defendant to show that evidence was unlawfully seized from him. We have examined the record and find no evidence that the snowmobiles were in a constitutionally protected area owned or leased by Tritz. It is true the lease covers the "parking area directly in front", but there is no evidence as to the size of the area, or whether the snowmobiles were in that undefined area. Further, Tritz's own testimony tends to show that the snowmobiles were not in that area. We think the lack of evidence on this point to sustain the defendant's burden of proof, coupled with Tritz's testimony, shows that the machines were not within a constitutionally protected area owned or leased by Tritz. Immunity from unreasonable searches and seizures is personal and one cannot object to the searching of another's premises or property if the latter consents to the search. U. S. v. Kilgen, 445 F.2d 287; Woodbury v. Beto, 426 F.2d 923, cert. den. 400 U.S. 997, 91 S.Ct. 472, 27 L Ed 2d 446; Burge v. U.S., 342 F.2d 408, cert den., 382 U.S. 829, 86 S.Ct. 63, 15 L Ed 2d 72. See 31 ALR 2d 1078. It is uncontroverted that Anderson, a partner in Ted Andrus Explosives, had the authority to consent, and did consent, to a search of property on the lot under his control. The contention of defendant is without merit.

What has been said heretofore with respect to the first three issues, disposes of the last contention, that the district court should have directed a verdict of acquittal on the charge of grand larceny.

Judgment affirmed.

_____
Justice

- 8 -

We concur:

------------------------------------------
    Chief Justice

------------------------------------------

------------------------------------------

    Justice