MANN, Chief Judge.

"Probable cause to arrest is an exceedingly difficult concept to objectify" 
[1]

Under the pressure of time, a trial judge granted a motion to suppress on authority *467 of Whiteley v. Warden of Wyoming Penitentiary.[2] We do not disturb findings of fact he may have made in granting the motion, but remand the cause for reconsideration of the implications of Whiteley in the light of this opinion.
We quote the facts in Whiteley from the opinion of Mr. Justice Harlan for the Supreme Court of the United States : [3]
“The circumstances surrounding petitioner’s arrest and the incidental search and seizure, as stated by the Wyoming Supreme Court, 418 P.2d 164, 165—166, are as follows:
‘On November 23, 1964, certain business establishments in Saratoga were broken into, including the Rustic Bar and Shively’s Hardware, the offenses being investigated by the Carbon County Sheriff, [Sheriff Ogburn] who, acting on a tip, the next day signed a complaint charging defendant and another with breaking and entering the building identified as the Rustic Bar. This complaint was made before a justice of the peace at approximately 11:30 a. m. on the 24th, and a warrant issued. After the investigation, the sheriff put out a state item on the radio to pick up two suspects of the breaking and entering, defendant and another. The message went to the network at Casper and was transmitted over the State, received by the Albany County Sheriff’s Office and communicated to the Laramie Police Department, the message giving names and descriptions of the two persons and advising the type of car probably being driven and the amount of money taken, including certain old coins with dates. Late at night on November 24, a Laramie patrolman, in reliance on the information in the radio item, arrested the defendant and his companion. At the time, the patrolman had no warrant for defendant’s arrest nor search warrant. The officer together with a deputy sheriff, who had come up in the meantime, searched the car and removed a number of items introduced in evidence, including tools and old coins, identified at the trial as taken from Shively’s Hardware. . . .’
Sheriff Ogburn’s complaint, which provided the basis for the arrest warrant issued by the justice of the peace, is as follows:
T, C. W. Ogburn, do solemnly swear that on or about the 23 day of November, A.D. 1964, in the County of Carbon and State of Wyoming, the said Harold Whiteley and Jack Daley, defendants did then and there unlawfully break and enter a locked and sealed building [describing the location and ownership of the building].’ App. 28.
A state item 881, the bulletin which Sheriff Ogburn put out on the radio and which led to petitioner’s arrest and search by the Laramie patrolman, is as follows:
‘P & H for B & E Saratoga, early A.M. 11-24-64. Subj. #1. Jack Daley, WMA, 38, D.O.B. 2-29-[26], S' 10", 175, med. build, med. comp., blonde and blue. Tat. left shoulder: ‘Love Me or Leave Me.’ #2. Harold Whiteley, WMA, 43, D.O.B. 6-22-21, 5' 11", 180, med. build, fair comp, brown eyes. Tat. on right arm ‘Bird.’ Poss. driving 1953 or 1954 Buick, light green bottom, dark top. Wyo. lie. 2 — bal. unknown. Taken: $281.71 in small change, numerous old coins ranging from .50 pieces to silver dollars, dated from 1853 to 1908. Warrant issues, will extradite. Special attention Denver. . . .’ App. 31.”
The facts in the case before us are significantly different, yet similar in one respect: The arresting officer was not the investigating officer. While, in Whiteley, the investigating officer acted on a tip, presumably from a confidential informant, the investigating officer in the case before *468 us had interviewed a lady who stated that she observed the commission of the crime and saw Harrington, whom she knew, running from the scene with a man’s wallet in his hand. This basis for the investigating officer’s belief in probable cause, which he communicated to the arresting officer, was presented to the trial judge by hearsay narration, the arresting officer being the only witness. It would have been preferable of course, if the original informant and the investigating officer were also called as witnesses, but the woman who witnessed the incident had changed her story, possibly as a consequence of threatening calls.
We leave questions of credibility solely within the province of the trial judge, but point out that on this transcript it appears that the circumstances of this case were equated to those in Whiteley upon a misapprehension of the law. The basic question in Whiteley is that of the reliability of the source of information. It is undisputed that an officer who has probable cause may communicate this fact to another officer who may be in a position to make the arrest. What Whiteley holds is that the deficiencies in the basis for belief in probable cause are' not cured by the transmission of the defective information from one officer to another. This point is, as Mr. Justice Harlan points out, rather obvious. Several significant differences occur to us, however, which suggests that the present case ought to be remanded for reconsideration. The investigating officer here was not dealing with an anonymous tipster whose reliability is unproved. His information was received from a resident of the community who represented herself to be personally acquainted with Harrington and his family. This lady was formerly a case worker who worked with young black people. She stated to the investigating officer that Harrington had run by her and her daughter carrying the billfold in his hand. The danger of unreliable anonymous advice which appears in Whiteley is absent in this case if this lady’s conversation with the investigating officer is credited. A diligent assistant public defender persuaded the trial judge that the dangers present in Whiteley are present here. The trial judge remarked to the prosecutor that he saw no difference between a lay informer and a paid informer. Other things being equal, there is none. The question is one of reliability and if the standards set forth in the cases cited in Whiteley are met, the arresting officer had probable cause to make the arrest.
Reversed and remanded.
McNULTY and GRIMES, JT., concur.

. Cook, Probable Cause to Arrest, 1971, 24 Vand.D.Rev. 317.

. 1971, 401 U.S. 560, 91 S.Ct. 1031, 28 L.Ed.2d 306.

. 401 U.S. at 562-563, 91 S.Ct. at 1034.